**Gustavo AMARO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–448–CR.**

Court of Appeals of Texas,
Fort Worth.

May 21, 1998.

Rehearing Overruled Aug. 13, 1998.

---

Richard T. Alley, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, C. James Gibson, Andrea Rentie, Asst. Crim. Dist. Attys., for Appellee.

Before LIVINGSTON, RICHARDS and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

Without the benefit of a plea-bargain agreement, appellant pleaded guilty to the offense of possession of a prohibited weapon. On December 12, 1994, the trial court placed appellant on deferred adjudication community supervision for a period of five years. Appellant violated the terms of his community supervision and, on April 25, 1997, the trial court adjudicated him guilty and sentenced him to five years' confinement. Appellant raises one point on appeal challenging the trial court's failure to hold a hearing on his motion for new trial. We affirm.

Appellant timely filed a motion for new trial on May 14, 1997. The trial court did not rule on appellant's motion, thus it was overruled by operation of law. *See* Tex. R.App. P. 21.8(c). In a single point, appellant contends that the trial court erred in failing to hold a hearing on his motion for new trial. As an ancillary argument, appellant reasserts the grounds alleged in his motion for new

trial: (1) his initial guilty plea was involuntary due to ineffective assistance of counsel; and (2) his plea of true at the adjudication hearing to an alleged violation of community supervision was involuntary due to ineffective assistance of counsel.

■ The State contends that we do not have jurisdiction because appellant's claims are from the trial court's determination to adjudicate. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 1979 & Supp.1998). We disagree. Although the substance of appellant's motion for new trial involved claims arising from the determination to adjudicate, the issue he presents on appeal—that the trial court erred in failing to hold a hearing on his motion for new trial—does not arise from the determination to adjudicate. Therefore, the claim is not barred by article 42.12, section 5(b). *See Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex.Crim.App.1992) ("Article 42.12 § 5(b) expressly allows an appeal of all proceedings *after* adjudication of guilt on the original charge....").

■ We review a trial court's refusal to hold a hearing on a motion for new trial under an abuse of discretion standard. *See Reyes v. State,* 849 S.W.2d 812, 815 (Tex. Crim.App.1993). In an alternative argument, the State contends that the trial court did not abuse its discretion because appellant failed to "present" his motion to the trial court. We agree.

According to the rules of appellate procedure:

The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.

Tex.R.App. P. 21.6.

■ The court of criminal appeals has recently defined "present" within the meaning of the appellate rule. *See Carranza v. State,* 960 S.W.2d 76, 79–80 (Tex.Crim.App. 1998).[1] In *Carranza,* the court held that

1. Although *Carranza* interpreted former rule 31(c)(1), the current version is identical. *Com-* *pare* Tex.R.App. P. 31(c)(1), 49 Tex. B.J. 564 (Tex.

"present" means that the "record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court." *Id.* Here, there is no evidence in the record that appellant delivered the motion or otherwise brought it to the attention of the trial court. Therefore, he did not *present* his motion within the meaning of rule 21.6. The trial court did not abuse its discretion in failing to hold a hearing on a motion that was not properly presented before it.[2]

We overrule appellant's sole point and affirm the trial court's judgment.

---

Crim.App.1986, revised 1997) *with* TEX.R.APP. P. 21.6.

**2.** There is an entry on the docket sheet that states, "Motion for new trial filed." However, filing a motion for new trial alone is not sufficient to show *presentment*. *See Reyes*, 849 S.W.2d at 815.