ROTH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-516-CR

MICHAEL CRAIG ROTH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Craig Roth brings this appeal, following the revocation of his deferred adjudication community supervision, from the trial court’s judgment adjudicating him guilty and sentencing him to ten years’ confinement.  In three points, Appellant complains that:  (1) the trial court erred in failing to hold a separate punishment hearing after his adjudication of guilt; (2) the trial court’s deadly weapon finding was not supported by legally sufficient evidence; and (3) the trial court lacked jurisdiction to revoke his community supervision because the judgment placing him on community supervision was void.  We will affirm in part and dismiss in part.

Factual and Procedural Background

Appellant was charged by indictment with sexual assault and aggravated assault with a deadly weapon, his hands.  Appellant pleaded guilty on April 28, 2000 to the aggravated assault charge and was placed on five years’ deferred adjudication community supervision.  The judgment indicates that the trial court determined the evidence supported Appellant’s plea of guilty, but the court deferred entering any findings of guilt or the use of a deadly weapon and placed Appellant on five years’ deferred adjudication community supervision.  Although Appellant did not enter a plea on the sexual assault charge, he was placed on a sexual offender caseload. 

On October 17, 2002, the State filed its first amended petition to proceed to adjudication based on Appellant violating a number of the conditions of his deferred adjudication community supervision.  On December 16, 2002, the trial court conducted a hearing on the State’s petition.  At the hearing, both sides presented evidence, and Appellant acknowledged that he had violated the conditions of his deferred adjudication community supervision, but he testified that he did not think he was doing so at the time of the violations.  Appellant’s wife and mother-in-law, who were his “chaperones” corroborated Appellant’s admissions. 

The trial court stated that it found that Appellant had violated each and every term of the conditions as alleged in the State’s petition.  The court then asked whether the parties were ready to proceed with sentencing.  Both sides announced ready for sentencing, and neither indicated in any manner that it desired to call additional witnesses or to put on other evidence.  The court proceeded to explain its thinking concerning Appellant’s punishment and assessed a sentence of ten years’ confinement in the Texas Department of Criminal Justice.  In the judgment adjudicating Appellant guilty, the court affirmatively found that Appellant used or exhibited a deadly weapon, his hands, during the commission of the assault or the immediate flight therefrom. 

Trial Court’s Jurisdiction

We will first address Appellant’s third point, as raised in his supplemental brief, in which he complains that  the trial court lacked jurisdiction to revoke his community supervision because the trial court’s order placing him on community supervision was void.  
See Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001) (stating that “[a] void judgment is a ‘nullity’ and can be attacked at anytime”).  Specifically, Appellant asserts that the indictment failed to state a felony, thus depriving the trial court of jurisdiction to place him on deferred adjudication community supervision. 

In 
Duron v. State
, the court of criminal appeals held that a written instrument that purports to be an indictment is an indictment “under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective.”  956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  While the State abandoned count one of its indictment (sexual assault), it proceeded on a handwritten amendment to the indictment, which reads as follows:

Count Two:  And it is further presented in and to said Court that on or about the 16
th
 day of December, 1998, in Tarrant County, Texas, the defendant did intentionally or knowingly threaten [A.D.] with imminent bodily injury, and the defendant used or exhibited a deadly weapon during the commission of said assault: to wit; the defendant’s hands. 

Count two of the indictment clearly charged Appellant with aggravated assault and followed the elements for aggravated assault listed in the penal code.  
Tex. Penal Code Ann
. §§ 22.01(a)(2), 22.02(a)(2) (Vernon Supp. 2004).  We hold that the indictment in this case was sufficient to invoke the trial court’s jurisdiction and that the judgment placing Appellant on deferred adjudication community supervision is not void.  
See Duron
, 956 S.W.2d at 550-51.  The trial court therefore had jurisdiction to revoke Appellant’s community supervision.  Accordingly, we overrule Appellant’s third point.

Issa
 Hearing

In his first point, Appellant contends that the trial court erred by failing to hold a separate punishment hearing after his adjudication of guilt.  
See Hardeman v. State
, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999);
 Pearson v. State
, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999); 
Issa v. State
, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).  In 
Issa
, the court of criminal appeals held that a “defendant is 
entitled
 to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence.”  826 S.W.2d at 161.  We agree with the State’s position that any error regarding the timing of Appellant’s sentencing hearing is not preserved for our review because the record does not indicate that Appellant raised this complaint with the trial court. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  With respect to whether an appellant preserves error on the issue of the timing of the punishment hearing following an adjudication of guilt, 
Issa
 addressed a situation where

the record reflect[ed] that the trial court in one proclamation stated that it “[t]hereby revoke[d] [appellant’s] probation and enter[ed] a finding, adjudication . . ., and [t]hereby sentence[d] [appellant] to serve a term in the Texas Department of Corrections for ten years[,]” [such that] appellant had no opportunity to object to the trial court’s action until after that action was taken.

Id
.  
Issa
 concluded that the appellant had preserved error for appellate review by raising his complaint in a timely filed motion for new trial.  
Id
.

In 
Hardeman
, however, the court of criminal appeals rejected an appellant’s claim that he had preserved 
Issa
 error by timely filing a motion for new trial.  1 S.W.3d at 690.  Rather, the court stated that the appellant in 
Issa
 had preserved error by filing a motion for new trial only because he had not been given the opportunity to object and present evidence.  
Id
.  In contrast, while the appellant in 
Hardeman
 had timely filed a motion for new trial, the court held this action failed to preserve error because the trial court had given him the opportunity to object and to present evidence prior to the pronouncement of his sentence, but he had done neither.  
Id
.

This case is factually similar to and controlled by 
Hardeman
.  
See id
.  In this case, the trial court determined that Appellant had failed to comply with the terms of his community supervision and then asked whether the parties were ready to proceed to sentencing.  After both sides announced ready, the trial court sentenced Appellant to ten years’ confinement.  Appellant did not object and therefore failed to preserve error on his 
Issa
 complaint.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Hardeman
, 1 S.W.3d at 690. 

Moreover, even if Appellant lacked an opportunity to object, he failed to preserve error because the record does not indicate that he presented his motion for new trial to the trial court.  
See 
Tex. R. App. P.
 21.6 (providing generally that defendant must present motion for new trial to trial court within 10 days of its filing);
 Carranza v. State
, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998) (holding appellant had burden not only to file motion for new trial, but also to “present” it to the trial court); 
Reyes v. State
, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); 
Amaro v. State
, 970 S.W.2d 172, 173-74 (Tex. App.—Fort Worth 1998, no pet.).  According to 
Carranza
, the term “‘present’ . . . means the record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court.”  960 S.W.2d at 79.  Here, the record establishes that Appellant timely filed his motion for new trial, but it does not show that he actually delivered the motion for new trial to the trial court or otherwise brought the motion to the attention or actual notice of the trial court.
(footnote: 2)  
See 
Tex. R. App. P.
 21.6; 
Carranza
, 960 S.W.2d at 79; 
Amaro
, 970 S.W.2d at 174 n.2.  Accordingly, because Appellant did not preserve error concerning the alleged 
Issa
 error, we overrule his first point.
(footnote: 3)
Deadly Weapon Finding

In his second point, Appellant complains that the deadly weapon finding is not supported by legally sufficient evidence.  The State argues that we may not address the sufficiency of the evidence because Appellant’s attempt to appeal this issue three years after being placed on deferred adjudication community supervision is untimely.  During the plea proceedings, Appellant signed a judicial confession, in which he acknowledged that he had read the indictment and then stated, “I committed each and every allegation it contains.”  Appellant waived the right to a court reporter, and he did not file a notice of appeal. 

We agree with the State that Appellant waived his sufficiency complaint by failing to raise it in an appeal after the trial court imposed deferred adjudication community supervision.  
See Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); 
see also Stowe v. State
, 124 S.W.3d 228, 233-34 (Tex. App.—El Paso 2003, no pet.) (stating general rule that “a defendant placed on deferred adjudication community supervision may raise issues related to the original plea proceeding only in appeals taken when deferred adjudication is first imposed”).  We therefore dismiss Appellant’s second point.  
See Manuel
, 994 S.W.2d at 662.

Conclusion

We dismiss Appellant’s second point because it relates to the original cause in which he received deferred adjudication community supervision.  Having overruled his first and third points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 1, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
We observe that the clerk’s record contains a docket entry that states, “Motion for new trial filed,” 
but this alone is not sufficient to show presentment.  
Amaro
, 970 S.W.2d at 174 n.2 (citing 
Reyes
, 849 S.W.2d at 815). 

3:
In light of our determination that Appellant’s motion for new trial is deficient for lack of presentment, we do not address the State’s arguments concerning the lack of verification or the absence of any affidavits attached to Appellant’s motion.  
See 
Tex. R. App. P.
 47.1 (stating opinion need only address every issue necessary to final disposition of the appeal).