COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
  
NO. 2-02-516-CR
  
  
MICHAEL CRAIG ROTH                                                          APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Michael Craig Roth brings this appeal, following the revocation of his deferred 
adjudication community supervision, from the trial court’s judgment 
adjudicating him guilty and sentencing him to ten years’ confinement.  In 
three points, Appellant complains that: (1) the trial court erred in failing to 
hold a separate punishment hearing after his adjudication of guilt; (2) the 
trial court’s deadly weapon finding was not supported by legally sufficient 
evidence; and (3) the trial court lacked jurisdiction to revoke his community 
supervision because the judgment placing him on community supervision was 
void.  We will affirm in part and dismiss in part.
Factual and Procedural Background
        Appellant 
was charged by indictment with sexual assault and aggravated assault with a 
deadly weapon, his hands.  Appellant pleaded guilty on April 28, 2000 to 
the aggravated assault charge and was placed on five years’ deferred 
adjudication community supervision.  The judgment indicates that the trial 
court determined the evidence supported Appellant’s plea of guilty, but the 
court deferred entering any findings of guilt or the use of a deadly weapon and 
placed Appellant on five years’ deferred adjudication community 
supervision.  Although Appellant did not enter a plea on the sexual assault 
charge, he was placed on a sexual offender caseload.
        On 
October 17, 2002, the State filed its first amended petition to proceed to 
adjudication based on Appellant violating a number of the conditions of his 
deferred adjudication community supervision. On December 16, 2002, the trial 
court conducted a hearing on the State’s petition.  At the hearing, both 
sides presented evidence, and Appellant acknowledged that he had violated the 
conditions of his deferred adjudication community supervision, but he testified 
that he did not think he was doing so at the time of the violations.  
Appellant’s wife and mother-in-law, who were his “chaperones” corroborated 
Appellant’s admissions.
        The 
trial court stated that it found that Appellant had violated each and every term 
of the conditions as alleged in the State’s petition.  The court then 
asked whether the parties were ready to proceed with sentencing.  Both 
sides announced ready for sentencing, and neither indicated in any manner that 
it desired to call additional witnesses or to put on other evidence.  The 
court proceeded to explain its thinking concerning Appellant’s punishment and 
assessed a sentence of ten years’ confinement in the Texas Department of 
Criminal Justice.  In the judgment adjudicating Appellant guilty, the court 
affirmatively found that Appellant used or exhibited a deadly weapon, his hands, 
during the commission of the assault or the immediate flight therefrom.
Trial Court’s Jurisdiction
        We 
will first address Appellant’s third point, as raised in his supplemental 
brief, in which he complains that the trial court lacked jurisdiction to revoke 
his community supervision because the trial court’s order placing him on 
community supervision was void.  See Nix v. State, 65 S.W.3d 664, 
667-68 (Tex. Crim. App. 2001) (stating that “[a] void judgment is a 
‘nullity’ and can be attacked at anytime”).  Specifically, Appellant 
asserts that the indictment failed to state a felony, thus depriving the trial 
court of jurisdiction to place him on deferred adjudication community 
supervision.
        In 
Duron v. State, the court of criminal appeals held that a written 
instrument that purports to be an indictment is an indictment “under the 
Constitution if it accuses someone of a crime with enough clarity and 
specificity to identify the penal statute under which the State intends to 
prosecute, even if the instrument is otherwise defective.”  956 S.W.2d 
547, 550-51 (Tex. Crim. App. 1997).  While the State abandoned count one of 
its indictment (sexual assault), it proceeded on a handwritten amendment to the 
indictment, which reads as follows:
 
 
Count 
Two: And it is further presented in and to said Court that on or about the 16th 
day of December, 1998, in Tarrant County, Texas, the defendant did intentionally 
or knowingly threaten [A.D.] with imminent bodily injury, and the defendant used 
or exhibited a deadly weapon during the commission of said assault: to wit; the 
defendant’s hands.

Count two of the 
indictment clearly charged Appellant with aggravated assault and followed the 
elements for aggravated assault listed in the penal code.  Tex. Penal Code Ann. §§ 22.01(a)(2), 
22.02(a)(2) (Vernon Supp. 2004).  We hold that the indictment in this case 
was sufficient to invoke the trial court’s jurisdiction and that the judgment 
placing Appellant on deferred adjudication community supervision is not 
void.  See Duron, 956 S.W.2d at 550-51.  The trial court 
therefore had jurisdiction to revoke Appellant’s community supervision.  
Accordingly, we overrule Appellant’s third point.
Issa Hearing
        In 
his first point, Appellant contends that the trial court erred by failing to 
hold a separate punishment hearing after his adjudication of guilt.  See 
Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); Pearson v. 
State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999); Issa v. State, 826 
S.W.2d 159, 161 (Tex. Crim. App. 1992).  In Issa, the court of 
criminal appeals held that a “defendant is entitled to a punishment 
hearing after the adjudication of guilt, and the trial judge must allow the 
accused the opportunity to present evidence.”  826 S.W.2d at 161.  
We agree with the State’s position that any error regarding the timing of 
Appellant’s sentencing hearing is not preserved for our review because the 
record does not indicate that Appellant raised this complaint with the trial 
court.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  
With respect to whether an appellant preserves error on the issue of the timing 
of the punishment hearing following an adjudication of guilt, Issa 
addressed a situation where
 
the 
record reflect[ed] that the trial court in one proclamation stated that it 
“[t]hereby revoke[d] [appellant’s] probation and enter[ed] a finding, 
adjudication . . ., and [t]hereby sentence[d] [appellant] to serve a term in the 
Texas Department of Corrections for ten years[,]” [such that] appellant had no 
opportunity to object to the trial court’s action until after that action was 
taken.

Id.  Issa 
concluded that the appellant had preserved error for appellate review by raising 
his complaint in a timely filed motion for new trial. Id.
        In 
Hardeman, however, the court of criminal appeals rejected an 
appellant’s claim that he had preserved Issa error by timely filing a 
motion for new trial.  1 S.W.3d at 690.  Rather, the court stated that 
the appellant in Issa had preserved error by filing a motion for new 
trial only because he had not been given the opportunity to object and present 
evidence.  Id.  In contrast, while the appellant in Hardeman 
had timely filed a motion for new trial, the court held this action failed to 
preserve error because the trial court had given him the opportunity to object 
and to present evidence prior to the pronouncement of his sentence, but he had 
done neither. Id.
        This 
case is factually similar to and controlled by Hardeman. See id. 
In this case, the trial court determined that Appellant had failed to comply 
with the terms of his community supervision and then asked whether the parties 
were ready to proceed to sentencing.  After both sides announced ready, the 
trial court sentenced Appellant to ten years’ confinement.  Appellant did 
not object and therefore failed to preserve error on his Issa 
complaint.  See Tex. R. App. 
P. 33.1(a)(1); Hardeman, 1 S.W.3d at 690.
        Moreover, 
even if Appellant lacked an opportunity to object, he failed to preserve error 
because the record does not indicate that he presented his motion for new trial 
to the trial court.  See Tex. 
R. App. P. 21.6 (providing generally that defendant must present motion 
for new trial to trial court within 10 days of its filing); Carranza v. State, 
960 S.W.2d 76, 78 (Tex. Crim. App. 1998) (holding appellant had burden not only 
to file motion for new trial, but also to “present” it to the trial court); Reyes 
v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); Amaro v. State, 
970 S.W.2d 172, 173-74 (Tex. App.—Fort Worth 1998, no pet.). According to Carranza, 
the term “‘present’ . . . means the record must show the movant for a new 
trial sustained the burden of actually delivering the motion for new trial to 
the trial court or otherwise bringing the motion to the attention or actual 
notice of the trial court.”  960 S.W.2d at 79.  Here, the record 
establishes that Appellant timely filed his motion for new trial, but it does 
not show that he actually delivered the motion for new trial to the trial court 
or otherwise brought the motion to the attention or actual notice of the trial 
court.[2]  See Tex. R. App. P. 21.6; Carranza, 
960 S.W.2d at 79; Amaro, 970 S.W.2d at 174 n.2.  Accordingly, 
because Appellant did not preserve error concerning the alleged Issa 
error, we overrule his first point.[3]
Deadly Weapon Finding
        In 
his second point, Appellant complains that the deadly weapon finding is not 
supported by legally sufficient evidence. The State argues that we may not 
address the sufficiency of the evidence because Appellant’s attempt to appeal 
this issue three years after being placed on deferred adjudication community 
supervision is untimely.  During the plea proceedings, Appellant signed a 
judicial confession, in which he acknowledged that he had read the indictment 
and then stated, “I committed each and every allegation it contains.”  
Appellant waived the right to a court reporter, and he did not file a notice of 
appeal.
        We 
agree with the State that Appellant waived his sufficiency complaint by failing 
to raise it in an appeal after the trial court imposed deferred adjudication 
community supervision.  See Manuel v. State, 994 S.W.2d 658, 661 
(Tex. Crim. App. 1999); see also Stowe v. State, 124 S.W.3d 228, 233-34 
(Tex. App.—El Paso 2003, no pet.) (stating general rule that “a defendant 
placed on deferred adjudication community supervision may raise issues related 
to the original plea proceeding only in appeals taken when deferred adjudication 
is first imposed”).  We therefore dismiss Appellant’s second point. See 
Manuel, 994 S.W.2d at 662.
Conclusion
        We 
dismiss Appellant’s second point because it relates to the original cause in 
which he received deferred adjudication community supervision.  Having 
overruled his first and third points, we affirm the trial court’s judgment.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; GARDNER and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: July 1, 2004

NOTES
1.  See Tex. R. App. P. 47.4.
2.  We observe that the clerk’s 
record contains a docket entry that states, “Motion for new trial filed,” 
but this alone is not sufficient to show presentment. Amaro, 970 S.W.2d 
at 174 n.2 (citing Reyes, 849 S.W.2d at 815).
3.  In light of our determination 
that Appellant’s motion for new trial is deficient for lack of presentment, we 
do not address the State’s arguments concerning the lack of verification or 
the absence of any affidavits attached to Appellant’s motion. See Tex. R. App. P. 47.1 (stating opinion 
need only address every issue necessary to final disposition of the appeal).