COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-028-CR
  
  
RAYMOND 
DOMONIC COZZI JR.                                             APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Raymond Domonic Cozzi, Jr. appeals from the trial court’s judgment 
adjudicating him guilty for the offense of assault on a public servant.  In 
three points on appeal, Appellant complains that: 1) his plea of guilty was the 
result of ineffective assistance of counsel and the trial court should not have 
proceeded to adjudication of guilt and sentencing; 2) the trial court erred and 
abused its discretion by failing to conduct a hearing on his motion for new 
trial; and 3) the trial court erred and abused its discretion by failing to 
grant his motion for new trial.  We affirm.
Background
        On 
April 18, 2002, Appellant was indicted for the felony offense of assault on a 
public servant.  On January 21, 2003, Appellant entered into a plea bargain 
in which he agreed to plead guilty and be placed on deferred adjudication 
community supervision for a period of five years.  The trial court followed 
the plea bargain agreement and accepted his plea of guilty.  Pursuant to 
the agreement Appellant was placed on community supervision bound by certain 
terms and conditions for a period of five years.  On November 4, 2003, 
Appellant filed a notice of appeal that our court held was untimely and 
dismissed the appeal for want of jurisdiction.[1]  
Thereafter, the State filed a petition to proceed to adjudication, alleging that 
Appellant had violated certain terms and conditions of his community 
supervision.  On December 1, 2003, Appellant filed a motion to amend the 
terms and conditions of his community supervision pursuant to articles 11.072 
and 42.12 of the code of criminal procedure, seeking a writ of habeas corpus, 
and asking the trial court to remove certain conditions of his community 
supervision.  See Tex. Code 
Crim. Proc. Ann. arts. 11.072 and 42.12.  On January 5, 2004, the 
trial court held a hearing on the State’s petition to proceed to 
adjudication.  At the hearing, Appellant pled “not true” to the 
allegations contained in the State’s petition.  Over Appellant’s 
objection, the court took judicial notice of the contents contained in a report 
filed by staff at the SAFPF program.  The court found that Appellant had 
violated terms of his community supervision, adjudicated his guilt, and 
sentenced him to seven years’ imprisonment.[2]  
Appellant appealed from the trial court’s judgment.  Our court dismissed 
his appeal for want of jurisdiction, noting that the trial court had not denied 
Appellant’s application, but had dismissed it, and holding that Appellant did 
not have the right to appeal from a dismissal of his application.[3]  On January 5, 2004, Appellant filed a notice of 
appeal.[4]  On January 6, 2004, Appellant filed a 
motion for new trial.
Appellant’s 
Points on Appeal
        In 
his first point, Appellant argues that his plea of guilty was the result of 
ineffective assistance of counsel; therefore, the trial court should not have 
proceeded to an adjudication of guilt and sentencing.  Because 
Appellant’s complaint arises from his original plea, he was required to raise 
the issue in an appeal from the trial court’s order placing him on deferred 
adjudication community supervision.  See Manuel v. State, 994 S.W.2d 
658, 661-62 (Tex. Crim. App. 1999); Webb v. State, 20 S.W.3d 834, 835-36 
(Tex. App.—Amarillo 2000 no pet.).  An appeal on these grounds should 
have been commenced within thirty days of the trial court’s “unadjudicated 
judgment.”  See Tex. R. 
App. P. 26.2(a)(1); Garcia v. State, 29 S.W.3d 899, 901 (Tex. 
App.—Houston [14th Dist.] 2000, no pet.).  No timely notice of appeal was 
filed from that judgment.  Therefore, we dismiss Appellant’s first point 
for want of jurisdiction.
        In 
his second and third points, Appellant argues that the trial court erred and 
abused its discretion by failing to conduct a hearing on Appellant’s motion 
for new trial and by failing to grant a new trial.  The rules of appellate 
procedure require that a party “present” his motion for new trial to the 
trial court within specified time limits.  Tex. R. App. P. 21.6 (providing 
generally that defendant must present motion for new trial to trial court within 
ten days of its filing); Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. 
App. 1998) (holding that appellant had burden not only to file motion for new 
trial, but also to “present” it to the trial court); see also Reyes v. 
State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); Amaro v. State, 
970 S.W.2d 172, 173-74 (Tex. App.—Fort Worth 1998, no pet.).  According 
to Carranza, the term “ ‘present’ . . . means the record must show 
the movant for a new trial sustained the burden of actually delivering the 
motion for new trial to the trial court or otherwise bringing the motion to the 
attention or actual notice of the trial court.”  960 S.W.2d at 79.
        Here 
the record establishes that Appellant timely filed his motion for new trial, but 
it does not show that he actually delivered the motion for new trial to the 
trial court or otherwise brought the motion to the trial court’s attention or 
gave the trial court actual notice of the filing.[5]  
Accordingly, Appellant forfeited these complaints for review because he failed 
to preserve error.  Tex. R. App. P. 
33.1(a); Mendez v. State, 138 S.W.3d 334, 339 (Tex. Crim. App. 
2004).  Therefore, we overrule his second and third points.
Conclusion
        We 
dismiss Appellant’s first point for want of jurisdiction and, having overruled 
his second and third points, we affirm the trial court’s judgment.
     
    
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
  
PANEL 
F: LIVINGSTON, DAUPHINOT and HOLMAN, JJ.
 
PUBLISH
 
DELIVERED: 
February 24, 2005


NOTES
1.  
See Cozzi v. State, No. 2-03-00459-CR, 2003 WL 22966275 (Tex. App.—Fort 
Worth Dec. 18, 2003, no pet.) (not designated for publication).
2.  
The trial court signed a judgment stating that because of the imposition of 
sentence, Appellant’s application for writ of habeas corpus is moot and is 
dismissed.
3.  
See Ex parte Cozzi, 138 S.W.3d 454, 455 (Tex. App.—Fort Worth 2004, 
pet. ref’d).
4.  
The trial court certified that it had granted Appellant the right to appeal.
5.  
We note that the clerk’s record contains a docket entry that states, “motion 
for new trial filed,” but this alone is not sufficient to show 
presentment.  See Amaro, 970 S.W.2d at 174 n. 2 (citing Reyes, 
849 S.W.2d at 815).