COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-440-CR

 

 

JONATHAN PAUL THOMPSON                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Introduction

Appellant Jonathan Paul
Thompson appeals the sentence imposed after the trial court adjudicated him
guilty of violating conditions of his deferred adjudication community
supervision.  In five points, appellant
challenges the length of his sentence on due process and other grounds.  We affirm.

 

 








Background Facts

On May 10, 2002, appellant
pled guilty to the offense of injury to a child and received deferred
adjudication community supervision for ten years.  On April 26, 2006, the State filed a Motion
to Proceed with Adjudication, alleging appellant had failed to complete the
required hours of community service work, failed to pay supervision and
counseling fees, failed to attend twenty-two sex offender counseling sessions,
and was unsuccessfully discharged from the Sex Offender Treatment Program.  On December 1, 2006, the trial court
adjudicated appellant guilty and sentenced him to twenty-five years in the
Institutional Division of the Texas Department of Criminal Justice.  On December 15, 2006, appellant filed a
motion for new trial.

Discussion








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  

An appellant may not assert
error pertaining to his sentence or punishment when he failed to object or
otherwise raise the error in the trial court. 
Tex. R. App. P.
33.1(a)(1); Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App.
1986); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex. App.CAmarillo 1996, pet. ref=d) (stating that error was not preserved for review because appellant
failed to raise the severity of his sentence when punishment was assessed and
failed to file a motion for new trial); Davis v. State, No.
02-04-00132-CR, 2005 WL 627104, at *1 (Tex. App._Fort
Worth Mar. 17, 2005, pet. ref=d) (mem. op.) (not designated for publication).  There is nothing in the appellate record
indicating that appellant objected to the sentence.[1]  However, he timely filed a motion for new
trial challenging the judgment and sentence as contrary to the law and the
evidence.      

According to the rules of
appellate procedure,








The defendant must present the motion for new trial
to the trial court within 10 days of filing it, unless the trial court in its
discretion permits it to be presented and heard within 75 days from the date
when the court imposes or suspends sentence in open court.  

 

Tex. R. App. P. 21.6.

 

In Carranza v. State, the
court of criminal appeals defined Apresent@ within the
meaning of the appellate rule.  Carranza
v. State, 960 S.W.2d 76, 78-79 (Tex. Crim. App. 1998) (holding that appellant
had burden not only to file motion for new trial, but also to Apresent@ it to the
trial court); see also Amaro v. State, 970 S.W.2d 172, 174-75 (Tex. App.CFort Worth 1998, no pet.)[2]  The court held that Apresent@ means that
the Arecord must show the movant for a new trial sustained the burden of
actually delivering the motion for new trial to the trial court or otherwise
bringing the motion to the attention or actual notice of the trial court.@  Carranza, 960 S.W.2d at
78-79; Amaro, 970 S.W.2d at 174.  








Here, the record establishes
that appellant, through his attorney, timely filed a motion for new trial, but
there is no evidence that he delivered the motion or otherwise brought it to
the trial court=s attention
or gave the trial court actual notice of the filing.  Filing a motion for new trial alone is not
sufficient to show presentment.[3]  See Reyes v. State, 849 S.W.2d 812,
815 (Tex. Crim. App. 1993); Cozzi v. State, 160 S.W.3d 638, 640-41 (Tex.
App.CFort Worth 2005, pet. denied). 
Therefore, appellant did not present his motion within the
meaning of rule 21.6.  Accordingly,
appellant forfeited his complaints for review because he did not preserve error
by either objecting at trial when the sentence was imposed or by presenting his
motion for new trial to the trial court.

Conclusion

Having determined appellant=s five points are forfeited, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

PUBLISH

 

DELIVERED:
November 15, 2007

 

 

 











[1]During
the sentencing phase, the trial court asked appellant if there Ais
any legal reason that I should not impose sentence at this time?@ and
appellant=s
counsel stated: ANo,
Your Honor.@





[2]
Although Carranza interpreted former rule 31(c)(1), the current version
of rule 21.6 is identical.  See Tex. R. App. P. 21.6; Carranza, 960
S.W.2d at 79.





[3]
Presentment may be accomplished in several ways, such as securing the trial
court=s
ruling on a motion for new trial, obtaining a judge=s
signature or notation on a proposed order, or setting a hearing date on the
docket.  See Carranza, 960 S.W.2d
at 79.