COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-435-CR

 

 

RICHARD DEWAYNE BEASON                                               APPELLANT

A/K/A RICHARD BEASON

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Richard Dewayne Beason appeals his
sixty-year sentence for aggravated assault of a family member with a weapon.[2]  We affirm.








Appellant pleaded guilty before a jury to
aggravated assault of a family member with a weapon.  After hearing evidence and argument on the
issue of punishment, the jury assessed punishment at sixty years=
confinement.  In his sole point on appeal,
appellant contends that his sentence was disproportionate to the crime
committed. 








Although appellant timely filed a motion for new
trial, he has failed to preserve his complaint because the record does not
indicate that he presented his motion for new trial to the trial court.[3]  The term Apresent@ means
the record must show that the movant for a new trial sustained the burden of
actually delivering the motion for new trial to the attention or actual notice
of the trial court.[4]  Here, the record establishes that Appellant
timely filed his motion for new trial, but it does not show that he actually
delivered it to the trial court or otherwise brought it to the trial court=s
attention.[5]  Accordingly, because appellant did not
preserve his claim regarding the alleged disproportionate sentencing, we
overrule his sole point.  The trial court=s
judgment is affirmed.

PER
CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)  

 

DELIVERED:  August 29, 2008











[1]See Tex.
R. App. P.
47.4.





[2]See Tex. Penal Code Ann. '' 12.32, 22.02(b)(1)
(Vernon 2003). 





[3]Tex.
R. App. P.
21.6 (providing generally that defendant must present motion for new trial to
trial court within ten days of its filing); Thompson v. State, 243
S.W.3d 774, 775B76 (Tex. App.CFort Worth 2007, pet. ref=d) (holding
length-of-sentence claim not preserved for review);  Crawford v. State, No. 02-04-00299-CR,
2005 WL 1477958, at *4 (Tex. App.CFort Worth June 23, 2005, pet. ref=d) (not designated for
publication) (holding that disproportionate sentence claim must be preserved
for appellate review); see Carranza v. State, 960 S.W.2d 76, 78 (Tex.
Crim. App. 1998) (holding that appellant had burden not only to file motion for
new trial, but also to Apresent@ it to the trial court).





[4]Carranza, 960 S.W.2d at 79.





[5]See Tex. R. App. P. 21.6; Carranza, 960 S.W.2d at 79; Amaro
v. State, 970 S.W.2d 172, 174 n.2 (Tex. App.CFort Worth 1998, no
pet.).