COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-402-CR

 

 

RICARDO MARTELL ESPINOZA                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Ricardo Martell Espinoza appeals from his
adjudication for aggravated assault with a deadly weapon.  In one point, he argues that the trial court
abused its discretion by proceeding to adjudication.  We affirm.

                                            Background

Appellant pleaded guilty to aggravated assault
with a deadly weapon. Pursuant to a plea bargain, the trial court placed him on
deferred adjudication community supervision for eight years beginning September
8, 2006.








On May 16, 2008, the State filed a petition to
proceed to adjudication, alleging Appellant had violated the terms of his
community supervision by failing to report to his supervision officer from
April 2007 through March 2008; leaving Tarrant County without the permission of
his supervision officer; failing to pay costs, fees, and fines as ordered; and
failing to attend anger-control classes. 
The State later waived the costs, fines, and fees allegation, and
Appellant pleaded Atrue@ to the
other alleged violations.

At the adjudication hearing, Appellant testified
that he cut off his ankle monitor and fled to El Paso to visit his dying father
in March 2007.  Although he returned to
his home in Dallas a few days after his father=s
funeral on May 2, 2007, he never again reported to his supervision officer, and
Dallas police eventually arrested him in May 2008.  Appellant said he did not complete the anger-control
class because he could not afford to do so.

The trial court proceeded to adjudication, found
Appellant guilty of aggravated assault with a deadly weapon, and sentenced him
to prison for a term of ten years and one day.

                                             Discussion








We review a trial court=s
decision to proceed to adjudication under the same standard we apply when
reviewing a revocation of community supervision.  See Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b)
(Vernon Supp. 2008) (AThis determination is reviewable
in the same manner as a revocation hearing conducted under Section 21 of this
article in a case in which an adjudication of guilt had not been deferred.@).  We review an order revoking community
supervision under an abuse of discretion standard.  Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.
Crim. App. 1983); Cherry v. State, 215 S.W.3d 917, 919 (Tex. App.CFort
Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.  A single violation of
the terms of community supervision will support a revocation order.  O'Neal v. State, 623 S.W.2d 660, 661
(Tex. Crim. App. 1981).  A plea of true
to any alleged violation is sufficient to satisfy the State=s burden
as to that allegation.  See Watts v.
State, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. 1979).








Here, a plea of Atrue@ to any
one of the three alleged violations would have supported the exercise of the
trial court=s discretion to proceed to
adjudication; Appellant pleaded Atrue@ to all
three.  Appellant argues that Ajust
because a violation of community supervision . . . is shown does not mean that
the [c]ourt has no choice but to revoke supervision and impose a sentence of
incarceration.@ 
This argument is valid; but while the trial court was not required
to adjudicate Appellant, it certainly had the discretion to do so.  Appellant also argues that the trial court
abused its discretion by proceeding to adjudication because Aother
than the [p]rosecutor, no one wanted the Appellant incarcerated[,] including
the complainant in these cases.@  But again, once Appellant pleaded Atrue@ to one
of the alleged violations, the trial court had the discretion to revoke his
community supervision, proceed to adjudication, and sentence Appellant to a
term of confinement.  The desires of
Appellant and the complainant do not take the case beyond the bounds of
discretion.








Appellant also complains, in passing, that the
trial court abused its discretion by sentencing him to confinement for ten
years and a day.  But Appellant failed to
preserve this issue for review.  He did
not object when the trial court pronounced his sentence.  See Tex. R. App. P.  33.1(a)(1); Mercado v. State, 718
S.W.2d 291, 296 (Tex. Crim. App. 1986) (AAs a
general rule, an appellant may not assert error pertaining to his sentence or
punishment where he failed to object or otherwise raise such error in the trial
court.@).  Although Appellant filed a timely motion for
new trial challenging the sentence as excessive and disproportional, nothing in
the record suggests that he Apresented@ the
motion to the trial court.  See Tex.
R. App. P.  21.6; Carranza v. State,
960 S.W.2d 76, 78B79 (Tex. Crim. App. 1998); Reyes
v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); Amaro v. State,
970 S.W.2d 172, 174 (Tex. App.CFort
Worth 1998, no pet.).  Even if Appellant
had preserved this issue for review, his sentence is within the range of
punishment authorized by the legislature, and Appellant does not explain how
the trial court abused its discretion by imposing the ten-year, one-day
sentence.  See Tex. Penal Code
Ann. '
12.33(a) (Vernon Supp. 2008) (providing range of punishment of two to twenty
years=
confinement for second-degree felony); Darden v. State, 430 S.W.2d 494,
496 (Tex. Crim. App. 1968) (AIf the
punishment is within that prescribed by the statute, it is beyond the province
of this Court to pass upon the question of excessive punishment.@).

Finding no abuse of discretion, we overrule
Appellant=s sole point and affirm the
trial court=s judgment.

PER
CURIAM

 

PANEL: GARDNER, J.;
CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 2, 2009











[1]See Tex. R. App. P. 47.4.