

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-402-CR

RICARDO MARTELL ESPINOZA                                         APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Ricardo Martell Espinoza appeals from his adjudication for aggravated assault with a deadly weapon. In one point, he argues that the trial court abused its discretion by proceeding to adjudication. We affirm.

### Background

Appellant pleaded guilty to aggravated assault with a deadly weapon. Pursuant to a plea bargain, the trial court placed him on deferred adjudication community supervision for eight years beginning September 8, 2006.

------------

[1] *See* Tex. R. App. P. 47.4.

On May 16, 2008, the State filed a petition to proceed to adjudication, alleging Appellant had violated the terms of his community supervision by failing to report to his supervision officer from April 2007 through March 2008; leaving Tarrant County without the permission of his supervision officer; failing to pay costs, fees, and fines as ordered; and failing to attend anger-control classes. The State later waived the costs, fines, and fees allegation, and Appellant pleaded "true" to the other alleged violations.

At the adjudication hearing, Appellant testified that he cut off his ankle monitor and fled to El Paso to visit his dying father in March 2007. Although he returned to his home in Dallas a few days after his father's funeral on May 2, 2007, he never again reported to his supervision officer, and Dallas police eventually arrested him in May 2008. Appellant said he did not complete the anger-control class because he could not afford to do so.

The trial court proceeded to adjudication, found Appellant guilty of aggravated assault with a deadly weapon, and sentenced him to prison for a term of ten years and one day.

## Discussion

We review a trial court's decision to proceed to adjudication under the same standard we apply when reviewing a revocation of community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.

2

2008) ("This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred."). We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. A single violation of the terms of community supervision will support a revocation order. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). A plea of true to any alleged violation is sufficient to satisfy the State's burden as to that allegation. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

Here, a plea of "true" to any one of the three alleged violations would have supported the exercise of the trial court's discretion to proceed to adjudication; Appellant pleaded "true" to all three. Appellant argues that "just because a violation of community supervision . . . is shown does not mean that

3

the [c]ourt has no choice but to revoke supervision and impose a sentence of incarceration." This argument is valid; but while the trial court was not *required* to adjudicate Appellant, it certainly had the discretion to do so. Appellant also argues that the trial court abused its discretion by proceeding to adjudication because "other than the [p]rosecutor, no one wanted the Appellant incarcerated[,] including the complainant in these cases." But again, once Appellant pleaded "true" to one of the alleged violations, the trial court had the discretion to revoke his community supervision, proceed to adjudication, and sentence Appellant to a term of confinement. The desires of Appellant and the complainant do not take the case beyond the bounds of discretion.

Appellant also complains, in passing, that the trial court abused its discretion by sentencing him to confinement for ten years and a day. But Appellant failed to preserve this issue for review. He did not object when the trial court pronounced his sentence. *See* Tex. R. App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). Although Appellant filed a timely motion for new trial challenging the sentence as excessive and disproportional, nothing in the record suggests that he "presented" the motion to the trial court. *See* Tex. R. App. P. 21.6; *Carranza*

4

*v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); *Amaro v. State*, 970 S.W.2d 172, 174 (Tex. App.—Fort Worth 1998, no pet.). Even if Appellant had preserved this issue for review, his sentence is within the range of punishment authorized by the legislature, and Appellant does not explain how the trial court abused its discretion by imposing the ten-year, one-day sentence. *See* Tex. Penal Code Ann. § 12.33(a) (Vernon Supp. 2008) (providing range of punishment of two to twenty years' confinement for second-degree felony); *Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968) ("If the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass upon the question of excessive punishment.").

Finding no abuse of discretion, we overrule Appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2009