David CARRANZA, Appellant,

v.

The STATE of Texas.

No. 810–96.

Court of Criminal Appeals of Texas, En Banc.

Jan. 21, 1998.

---

Robert A. McGlohon, Jr., San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge, delivered the opinion of the Court in which KELLER, PRICE, HOLLAND and WOMACK, Judges, joined.

A jury convicted appellant of murder and sentenced him to ten years' confinement.

Appellant timely filed a motion for new trial premised on newly discovered evidence. See Tex.R.App.Proc. 31(a)(1). Appellant's motion for new trial contains a "Fiat" and a proposed "Order." See Appendix A (as reproduced from the transcript). The "Order" has a signature line for the trial court to indicate whether it is granting or denying the motion. This line is blank and contains no signature. The "Fiat" contains spaces for the trial court to set a hearing date on appellant's motion for new trial with another space for the trial court's signature. These spaces are also blank containing neither a hearing date nor the trial court's signature. There was no hearing on appellant's motion for new trial. And, appellant's motion for new trial was not "determined by written order signed by the" trial court so it was overruled by operation of law pursuant to Tex.R.App.Proc. 31(e)(3). There is nothing in the record to indicate the trial court actually knew appellant had filed a motion for new trial and desired a hearing on it.

On direct appeal to the Court of Appeals, appellant claimed the trial court erred in failing to conduct a hearing on his motion for new trial. The Court of Appeals held the trial court did not err in failing to conduct a hearing on appellant's motion for new trial because appellant did not "present" the motion to the trial court as required by Tex.R.App.Proc. 31(c)(1). *Carranza v. State*, No. 04–93–00619–CR, 1996 WL 81937 (Tex. App.—San Antonio, February 28, 1996) (unpublished). We granted appellant's petition for discretionary review to decide what it means to "present" a motion for new trial to the trial court under Rule 31(c)(1).

Rule 31(c)(1), in relevant part, requires an accused to "present" his motion for new trial to the trial court within specified time limits which the trial court has some discretion to extend. The language requiring "presentment" of a motion for new trial to the trial court appears first to have been enacted by the Legislature in a 1951 amendment to Article 755 of the 1925 Code of Criminal Procedure.[1] This requirement of "presentment"

---

1. See Acts 1951, 52nd Leg., p. 818, ch. 464, Section 1.

was carried over in subsequent legislative enactments and Rule 31(c)(1). During this time, the term "presentment" was never legislatively defined, and the term is not defined in the rules of appellate procedure. We have found no federal or out-of-state analogs to Texas' requirement of "presentment" of a motion for new trial to the trial court.

This Court's case law has shed little light on what it means to "present" a motion for new trial to the trial court. See *Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Cr.App.1993); *Dugard v. State*, 688 S.W.2d 524 (Tex.Cr. App.1985), overruled on other grounds, *Williams v. State*, 780 S.W.2d 802, 803 (Tex. Cr.App.1989). What is clear is that this Court consistently has held the filing of a motion for new trial alone is not sufficient to show "presentment." See *Reyes*, 849 S.W.2d at 815. And, over a sharp dissent by former Presiding Judge Onion, this Court in *dicta* in a case called *Green v. State* said a notation on a motion for new trial—"presented to the trial judge 10–15–85"—under circumstances not revealed by the record put the trial court on notice that the appellant desired a hearing so that he could be afforded the opportunity to present evidence in support of his motion for new trial.[2] See *Green v. State*, 754 S.W.2d 687 (Tex.Cr.App.1988); and at 688–891 (Onion, P.J., dissenting).

Because the term "presentment" has not been clearly defined in either Rule 31(c)(1), its statutory predecessors or our case law, and also because the *dicta* in *Green* does not provide a useful or clear statement on what it means to "present" a motion for new trial to the trial court, we granted the petition for discretionary review in this case to provide some guidance to the bench and bar on the issue. Otherwise, we could have just refused the petition for discretionary review based on the *dicta* in *Green* as the motion for new trial in this case clearly does not comply with the

notation on the motion for new trial in *Green*.[3]

Because the term "present" as used in Rule 31(c)(1) is somewhat ambiguous, we resort to extra textual sources to define the term. See *Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex.Cr.App.1991); V.T.C.A., Government Code, Section 311.023. We commence our discussion with the purpose or "object sought to be obtained" in Rule 31(c)(1)'s requirement that a motion for new trial be "presented" to the trial court. See V.T.C.A., Government Code, Section 311.023(1) (in construing a statute, courts may consider the object sought to be obtained). It appears the "object sought to be obtained" by this requirement is to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it. See Dix and Dawson: 43 *Texas Practice, Criminal Practice and Procedure*, Section 41.32 at 9 (West 1995) (motion for new trial must be "presented or brought to the trial judge's attention in a timely way"). This is probably one reason why this Court has held the filing of a motion for new trial alone is not sufficient to show "presentment." See *Reyes*, 849 S.W.2d at 815; see also *Gray v. State*, 928 S.W.2d 561, 563 (Tex.Cr.App.1996) (Keller, J., dissenting) (merely filing a post-trial motion may be insufficient to put trial court on notice of the need to take action).

This interpretation of Rule 31(c)(1) is consistent with Tex.R.App.Proc. 52(a)'s general requirement that a defendant must, among other things, timely call the trial court's attention to a "request, objection or motion" in order to preserve a complaint for appellate review. See V.T.C.A., Government Code, Section 311.023(4) (in construing a statute, courts may consider laws on the same or similar subjects). Both of these rules express a general policy that a trial court should not be reversed on appeal on a matter

---

2. The issue of what it means to "present" a motion for new trial to the trial court was not the ground for review addressed in *Green* and this Court without any analysis or thoughtful discussion apparently assumed the notation on the defendant's motion for new trial was sufficient to show "presentment." See *Green*, 754 S.W.2d at 687.

3. The *Green dicta* does support the proposition that a movant for new trial has to do something to put "the trial court on notice" that the movant desires the trial court to take some action on the motion for new trial. See *Green*, 754 S.W.2d at 687.

that was never brought to the trial court's attention. And, we want to avoid a construction of Rule 31(c)(1) that accomplishes this result. See V.T.C.A., Government Code, Section 311.023(5) (in construing a statute, courts may consider consequences of a particular construction).

Tex.R.App.Proc. 31(e)(3) also provides that a motion for new trial "not timely determined by written order signed by the judge shall be considered overruled by operation of law." Rule 31(e)(3) also contemplates that a defendant's motion for new trial somehow be brought to the trial court's attention for a ruling or be overruled by operation of law. Compare *Martinez v. State*, 846 S.W.2d 345, 346 (Tex.App.—Corpus Christi 1992, pet. ref'd) (defendant timely "presented" his motion for new trial to the trial court as evidenced by trial court's consideration of the motion and by its order overruling it),[4] *with, Enard v. State*, 764 S.W.2d 574, 575 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (defendant did not timely "present" his motion for new trial to the trial court because there was nothing in the record to indicate the trial court was on notice that defendant desired a hearing to present evidence in support of his motion for new trial and his motion for new trial was overruled by operation of law).

We next consider Article 12.06, V.A.C.C.P., and Article 20.21, V.A.C.C.P. See Tex.Gov't Cd., Section 311.023(4) (in construing a statute, courts may consider laws on the same or similar subjects). Article 12.06 provides that an indictment is considered "presented" when it has been acted upon by the grand jury and "received by the court." Article 20.21 provides that when an indictment is ready to be "presented," the grand jury foreman shall "deliver the indictment to the judge or clerk of the court."[5] These provisions of the Code of Criminal Procedure contemplate that "presenting" an indictment

means actually delivering the indictment to the trial court.

Finally, we consider cases on the civil side. See V.T.C.A., Government Code, Section 311.023(4). Civil cases addressing the "presentation" of claims also contemplate that these claims actually be brought to the opposing party's attention. See, e.g., *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex.1981) (purpose of the requirement for presentation of a claim is to allow the person against whom it is asserted an opportunity to pay a claim within 30 days after they have notice of the claim without incurring an obligation for attorney's fees).

■ Based on the foregoing, we hold the term "present" as used in Rule 31(c)(1) means the record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court. This may be accomplished in several ways such as, for example, obtaining the trial court's ruling on a motion for new trial. See Rule 31(e)(3); *Martinez*, 846 S.W.2d at 346.

Judge Overstreet has filed an opinion holding:

> "In order to 'present' a motion for new trial, the *movant must give the trial court actual notice* that it has timely filed a motion for new trial and request a hearing on the motion within ten days of filing it. The presentment must be directed to the trial court or another authorized to act on behalf of the trial court. *The presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket.* This list is not meant to be exhaustive, but merely suggestive as to how one may fulfill the communication requirement for pre-

---

4. The *Martinez* Court relied on a common dictionary definition of "present" as meaning "to offer for consideration." See *Martinez*, 846 S.W.2d at 346. However, this dictionary definition of "present" does not resolve the issue in this case because this definition would also include the mere filing of a motion for new trial which this

Court has held is insufficient to show "presentment."

5. Rule 31(c)(1) requires that the motion for new trial be "presented" to the trial court. It does not authorize "presentment" to the clerk of the court.

senting a motion for new trial." (Emphasis Supplied).[6]

 The holding in Judge Overstreet's opinion is essentially the same holding as that set out in this opinion. In this case there is nothing in the record to show appellant delivered his new trial motion to the trial court or otherwise brought the motion to the attention or actual notice of the trial court. Therefore, the Court of Appeals did not err to hold appellant failed to "present" his motion for new trial to the trial court.

The judgment of the Court of Appeals is affirmed.

MEYERS, J., concurs in the judgment.

### EXHIBIT A
### ORDER

On this day came on for consideration Defendant's Motion for New Trial. After consideration of same, this court is of the opinion that said motion be GRANTED/DENIED.

IT IS ORDERED THAT _____
_____
_____.

SIGNED on this the _____ day of _____, 1993.

_____
JUDGE PRESIDING

### FIAT

The foregoing Motion being duly presented to me is hereby set for hearing on the _____ day of _____, 1993, at _____ a.m./p.m., in the presiding Court.

Signed on this the _____ day of _____, 1993.

---

**6.** A notation on a motion for new trial under circumstances not revealed by the record like the one in *Green* is not sufficient to show "presentment" because, among other things, such a notation does not establish that it is the "judge's notation." See *Carranza*, 960 S.W.2d at 81 (Overstreet, J.) (the "presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket"); see also *Green*, 754 S.W.2d at 689 fn.3

_____
JUDGE PRESIDING

OVERSTREET, Judge, concurring.

I concur with the result of the majority opinion, but disagree with the rationale serving as the basis of the decision. The majority finds the term "present" as used in Rule 31(c)(1) as "somewhat ambiguous" and uses that finding to support its reliance on V.T.C.A. Gov't Code §§ 311.023(1), 311.023(4), and 311.023(5) in reaching its conclusion. *Carranza v. State*, 960 S.W.2d at 78–79. Ambiguous means inexplicable, doubtful or uncertain, capable of being understood in two or more possible senses or ways.[1] Based on the common meaning of ambiguous, I must disagree that "present" is ambiguous. Instead, I look to the plain meaning of the term "present" along with the few cases which have addressed the subject in resolving the issue in this case.

The verb tense of present means 1) **to bring or introduce into the presence of someone**; 2) to make a gift to; 3) to give or bestow formally, 4) **to lay** (as a charge) **before a court as an object of inquiry,** 5) to nominate to a benefice, 6) **to offer to view: show**.[2] [emphasis added]. From the definition, present has a plain and common meaning—to bring forth by introducing, bestowing, or showing. The acts of introducing, bestowing or showing are all acts which require a physical act by the presenter and an implied act of receipt by the presentee. Based on this common meaning, it is difficult for me to embrace the majority's position that the term is ambiguous.

Now for an examination of the cases on the subject. In *Reyes v. State*, 849 S.W.2d 812 (Tex.Cr.App.1993), this Court held that mere

(Onion, P.J., dissenting). To the extent *Green* can be read to support the proposition that such a notation is sufficient to show "presentment," *Green* is expressly overruled.

**1.** See WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 77 (9th ed.1989).

**2.** See WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 930 (9th ed.1989).

filing was insufficient to constitute presentment. In *Green v. State,* 754 S.W.2d 687 (Tex.Cr.App.1988), this Court held that a handwritten notation on the proposed order indicating that the motion had been presented to the judge on a specific date was sufficient. The Court further stated that this act put "the trial court on notice that the appellant desired a hearing so that he could be afforded the opportunity to present evidence in support of his motion for new trial." *Green,* 754 S.W.2d at 687. Based on these cases, present requires more than just filing. It is an act which communicates to the court the requesting party's desire to have a hearing.

According to Rule 31(c)(1), the accused *shall present* his motion for new trial within ten days of filing it in order for it to be considered by the trial court (emphasis added). The Court has held that " '[m]ust' and 'shall' are synonymous and are usually mandatory when used in statutes." *Brinkley v. State,* 167 Tex.Crim. 472, 320 S.W.2d 855, 856 (1959). So if an accused is required to present his motion within ten days, what is the benefit or consequence of doing so? It only makes sense that the rule makers' intended for the motion to be *heard* if presented within ten days of filing. It could not have been their intent to require that the motion be presented within a certain amount of time and then allow the motion to be overruled by operation of law without the slightest of consideration. To follow this rationale would be to promote a useless and meaningless provision. Furthermore, the fact that the first part of the sentence does not specifically mention a hearing does not mean that it does not follow by implication. In the second section of the rule it states that " [a] motion for new trial need not be heard during the term it is filed." Tex.R.App.Pro. 31(c)(2). It does not state that a motion for new trial need not be heard *at all.* In fact, just the opposite meaning flows from the language—a hearing is required, just not in the term in which it is filed. The interpretation that a hearing is required dates back as far as 1932 when this Court held in interpreting the predecessor to Rule 31, Code Cr. Proc.1925, art. 755, that "[t]he right to file and have heard a motion for new trial is deemed an absolute right, provided the right is asserted within the time specified." *Synagogue v. State,* 122 Tex.Crim. 472, 55 S.W.2d 1052, 1053 (1932).

However in 1993 this Court modified this interpretation when it held that " . . . the right to a hearing on a motion for new trial is not truly an 'absolute right.' " *Reyes v. State,* 849 S.W.2d at 815. We concluded that " . . . a hearing is not required when the matters raised in the motion for new trial are subject to being determined from the record." *Id.* at 816. Thus, the trial court has a duty to hold a hearing on the motion for new trial when it has been timely filed and presented and asserts matters which are extrinsic to the record. To fail to do so is an abuse of discretion. *Id.*

Based on the aforementioned case law and the plain meaning of "present", the following definition of present is appropriate as it relates to Rule 31. In order to "present" a motion for new trial, the movant must give the trial court *actual* notice that it has timely filed a motion for new trial and request a hearing on the motion within ten days of filing it. The presentment must be directed to the trial court or another authorized to act on behalf of the trial court. The presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket. This list is not meant to be exhaustive, but merely suggestive as to how one may fulfill the communication requirement for presenting a motion for new trial.

In the case at bar, appellant timely filed his motion for new trial supported by affidavits claiming newly discovered evidence. The affidavits include statements by several individuals who claim appellant was not the person who killed the victim. Instead, the individuals name another man whom they claim committed the crime. Appellant wanted to pursue this matter with the trial court and requested a hearing in the fiat attached to the motion. However, the judge did not sign the order or the fiat. There was no written notation on the proposed order or fiat indicating that appellant had communi-

cated his desire for a hearing on the motion to the trial court or another authorized to set a hearing. Nor is there any indication that the case was set for a hearing on the court's docket. Therefore, appellant did not meet the "present" requirement of Rule 31(c) and the motion was overruled by operation of law upon the expiration of seventy-five days pursuant to Rule 31(e).

As a reviewing court we must rely on the record in making our determination. In this case there is no evidence in the record that appellant presented the motion for new trial to the trial court. The only item appellant produces is an unsigned order and fiat, which is insufficient by itself to prove that he requested a hearing on the motion for new trial and communicated his desire to the trial court or another authorized to act. Accordingly, the court of appeals did not err in holding that appellant's motion for new trial was not timely presented to the trial court in accordance with Rule 31(c). The judgment of the court of appeals is affirmed.

BAIRD and MANSFIELD, JJ., join.