Affirmed and Memorandum Opinion filed April 29, 2004









Affirmed and Memorandum Opinion filed April 29, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01232-CR

NO. 14-02-01233-CR

NO. 14-02-01234-CR

 

 

NATHAN GORDON, II, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause Nos. 907,550;
907,002;907,001

 



 

M E M O R A N D U M   O P I N I O N

Appellant Nathan Gordon, II, pleaded no
contest to two aggravated robbery charges and to aggravated assault on a public
servant, and the trial court sentenced him to 40 years= confinement on
each count to run concurrently in the Texas Department of Criminal Justice,
Institutional Division.  In one point of
error, appellant claims the trial court abused its discretion by failing to
conduct a hearing on his motion for new trial. 
We affirm.








On November 17, 2002, appellant filed a
pro se motion for new trial, alleging ineffective assistance of trial counsel,
and a pro se notice of appeal.  The trial
court never ruled on the motion for new trial, and it was therefore overruled
by operation of law.  In his notice of
appeal, appellant requested appointment of appellate counsel, and stated he had
not been represented by counsel since sentencing.  In his argument on appeal that the trial
court erred by failing to conduct a hearing on his motion for new trial,
appellant moved to abate the appeal and sought leave to file an out-of-time
motion for new trial, contending he had not been represented by counsel during
the thirty-day period between the day he was sentenced and the day his motion
for new trial was due to be filed with the trial court.  Because we found appellant had overcome the
presumption that he was represented by counsel during the thirty-day period, we
abated the appeal for a hearing to determine whether appellant had counsel
during the period of which he complained. 

The trial court held the requested hearing
on January 23, 2004, and made the following findings of fact:

$        Appellant
retained an attorney, Reo Harris, to represent him at trial.

$        Appellant
never instructed nor indicated to Harris that he wanted to file a motion for
new trial or a notice of appeal.

$        Appellant
and Harris had a discussion directly after the sentencing hearing in the
holdover cell adjacent to the courtroom. 
Appellant and Harris discussed the meaning and effect of the judgment
that he received.  Appellant and Harris
discussed the merits of an appeal, and the fairness of the punishment that he
had received.  Appellant and Harris
discussed the advantages and disadvantages of an appeal.  Appellant and Harris discussed the issues for
15 to 17 minutes.

$        Although
Harris told appellant that he had a right to appeal and to file a motion for
new trial, appellant told Harris that he was satisfied with the sentence that
he received and did not want to appeal. 
Appellant did not tell Harris that he would think about an appeal or
continue to consider it.

$        Appellant
never contacted HarrisCby phone, mail, or through a third
partyCto instruct Harris that he wanted
to pursue an appeal.  Appellant did not
send Harris a copy of his pro se filings.








$        Harris
did not file a notice of appeal or a motion for 
new trial.  Harris did not
withdraw from representation of appellant.

$        If
appellant had instructed Harris to file a notice of appeal or a motion for new
trial, Harris would have done so, and considered it his duty to do so if
instructed.

 

The trial court also issued conclusions of law.  The court concluded that (1) appellant was
continually represented by Harris; (2) appellant told Harris he did not want to
appeal and never advised Harris that he had changed his mind; and (3) Harris
was appellant=s attorney of record during the thirty-day
period after sentencing when the motion for new trial and notice of appeal were
due.

Having determined appellant was
represented by counsel during the thirty-day period after sentencing, we have
reinstated the appeal to consider the remainder of appellant=s claims.  In his sole point of error, appellant
contends the trial court abused its discretion by failing to hold a hearing on
his motion for new trial because the motion alleged his trial counsel was
ineffectiveCraising matters not determinable from the
record.  We disagree.








The rules of appellate procedure require
that a defendant Apresent@ his motion for
new trial to the trial court within specified time limits.  Tex.
R. App. P. 21.6; Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim.
App. 1998).  The Texas Court of Criminal
Appeals has determined that the term Apresent@ means Athe record must
show the movant for a new trial sustained the burden of actually delivering the
motion for new trial to the trial court or otherwise bringing the motion to the
attention or actual notice of the trial court.@  Carranza, 960 S.W.2d at 79
(interpreting predecessor to rule 21.6
of the Texas Rules of Appellate Procedure). 
Although appellant filed his motion in the trial court, the record fails
to show that the trial court actually knew appellant had filed a motion for new
trial and desired a hearing on it.  For
instance, the motion for new trial was accompanied by a proposed order, which
was to be signed by the trial court, but it is blank.  Appellant has shown us no other evidence that
he brought the motion to the trial court=s attention.  Under the circumstances, we hold that there
is no evidence that appellant presented the motion to the trial court.  See id. at 77B79 (holding motion
not presented to trial court where it was overruled by operation of law, no
hearing was held, and no evidence showed trial court knew motion had been
filed).  We overrule appellant=s only point of
error.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 29, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do
Not Publish C Tex.
R. App. P. 47.2(b).