NO. 07-05-0053-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 4, 2005



______________________________




BRIAN CHARLES ROBINSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



 _________________________________



FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY;



NO. 01-1220-K368; HONORABLE BURT CARNES, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Brian Charles Robinson appeals from the trial court's determination to
proceed with adjudication and an assessment of ten years confinement in the Texas
Department of Corrections, Institutional Division. We affirm.



Factual and Procedural Background


 Appellant entered a plea of guilty to the charge of injury to a child and was placed on
deferred adjudication for a period of five years. No appeal was taken from the initial plea. 
Subsequently, the State filed a motion to proceed with adjudication, a first amended motion
to proceed and a second amended motion to proceed, which was heard by the trial court
on November 3, 2004. Appellant entered a plea of true to paragraph II and not true to all
remaining paragraphs of the second amended motion to proceed. After hearing the
evidence, the trial court entered an order finding the allegations in all paragraphs true and
sentenced appellant to ten years confinement.

Analysis


 Appellant has raised three issues on appeal. Issues two and three challenge the
adjudication of appellant for the offense of injury to a child. This determination is controlled
by Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004) wherein it is provided
that a defendant may not appeal from a trial court's determination to proceed with an
adjudication of guilt. Phynes v. State, 828 S.W.2d 1, 2, (Tex.Crim.App. 1992). As appellant
may not appeal the determination to proceed with an adjudication of guilt, appellant's
second and third issues present nothing for our review. 

 Appellant's first issue deals with the alleged refusal of the trial court to conduct a
hearing on the motion for new trial filed. The record reflects, on November 19, 2004, a
motion for new trial was filed with the District Clerk of Williamson County. A complete
review of the Clerk's record fails to demonstrate that the aforesaid motion was ever
presented to the judge of the trial court. Presentment of a motion to the trial court is a
requirement for obtaining a hearing on said motion. Tex. R. App. P. 21.6; Carranza v. State,
960 S.W.2d 76, 79 (Tex.Crim.App. 1998). Appellant's failure to present the motion for new
trial is determinative of this issue as the trial court did not err in failing to set the motion for
new trial for a hearing. We overrule issue one.

Conclusion


 We affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice



Do not publish. 



 2007, contains the Trial Court’s Certification of Defendant’s Right of
Appeal. The form, however, is not signed by Appellant as required by Rule 25.2(d) of the
Texas Rules of Appellate Procedure.



          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerk’s record
and filed with this Court on or before February 4, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish.