NO. 07-05-0053-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 4, 2005

_____

BRIAN CHARLES ROBINSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 01-1220-K368; HONORABLE BURT CARNES, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Brian Charles Robinson appeals from the trial court's determination to proceed with adjudication and an assessment of ten years confinement in the Texas Department of Corrections, Institutional Division.  We affirm.

## Factual and Procedural Background

Appellant entered a plea of guilty to the charge of injury to a child and was placed on deferred adjudication for a period of five years. No appeal was taken from the initial plea. Subsequently, the State filed a motion to proceed with adjudication, a first amended motion to proceed and a second amended motion to proceed, which was heard by the trial court on November 3, 2004. Appellant entered a plea of true to paragraph II and not true to all remaining paragraphs of the second amended motion to proceed. After hearing the evidence, the trial court entered an order finding the allegations in all paragraphs true and sentenced appellant to ten years confinement.

## Analysis

Appellant has raised three issues on appeal. Issues two and three challenge the adjudication of appellant for the offense of injury to a child. This determination is controlled by TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2004) wherein it is provided that a defendant may not appeal from a trial court's determination to proceed with an adjudication of guilt. Phynes v. State, 828 S.W.2d 1, 2, (Tex.Crim.App. 1992). As appellant may not appeal the determination to proceed with an adjudication of guilt, appellant's second and third issues present nothing for our review.

Appellant's first issue deals with the alleged refusal of the trial court to conduct a hearing on the motion for new trial filed. The record reflects, on November 19, 2004, a motion for new trial was filed with the District Clerk of Williamson County. A complete review of the Clerk's record fails to demonstrate that the aforesaid motion was ever

2

presented to the judge of the trial court. Presentment of a motion to the trial court is a requirement for obtaining a hearing on said motion. TEX. R. APP. P. 21.6; <u>Carranza v. State</u>, 960 S.W.2d 76, 79 (Tex.Crim.App. 1998). Appellant's failure to present the motion for new trial is determinative of this issue as the trial court did not err in failing to set the motion for new trial for a hearing. We overrule issue one.

Conclusion

We affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.