NO. 07-06-0317-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 20, 2007


 ______________________________



OSCAR BORUNDA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 3804; HONORABLE RON ENNS, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Oscar Borunda, appeals his conviction for delivery of a controlled
substance over four grams but less than 200 grams, a first degree felony, and sentence
of ten years in the Institutional Division of the Texas Department of Criminal Justice,
suspended for five years, and a fine of $500. We affirm.



 On July 20, 2005, appellant communicated with an undercover officer to set up a
narcotics transaction. Appellant met with the officer at an activity center in Cactus, Texas. 
Shortly after arriving at the activity center, appellant met with another individual. That
unidentified individual left the activity center and returned with the controlled substance and
a second unidentified individual. The second unidentified individual delivered the
controlled substance to the officer and the officer handed over the money to the first
unidentified individual. Appellant, acting as an intermediary, was responsible for setting
up the transaction and was present during the delivery. 

 Appellant was charged with the offense of delivery of a controlled substance over
four grams but less than 200 grams. During appellant's trial on May 9, 2006, the State
offered an exhibit labeled as State's exhibit number two which was a clear plastic baggie
which contained the controlled substance. In order to establish chain of custody, the
officer testified to writing on the baggie. The exhibit was admitted into evidence without
objection. After deliberation, the jury convicted appellant of the offense and the trial judge
assessed appellant's punishment.

 On June 8, 2006, appellant filed a motion for new trial contending the jury
considered evidence not introduced at trial. Specifically, appellant contends that the jury
considered the writing on State's exhibit number two during its deliberation. (1) Appellant
contends that the trial court erred in not granting appellant's motion for new trial.

 Appellant is required to present the motion for new trial to the trial court within ten
days of filing. Tex. R. App. P. 21.6; Carranza v. State, 960 S.W.2d 76, 78 (Tex.Crim.App.
1998.) The mere filing of a motion for new trial alone is not sufficient to show presentment.
See Carranza, 960 S.W.2d at 78 (rule does not allow "presentment" of motion by filing with
the clerk). To present a motion means the record must show that appellant's motion for
a new trial was actually delivered to the trial court or otherwise brought to the attention of
the trial court. Id. at 79. 

 A review of the record does not affirmatively show that the trial court was made
aware of the pending motion for new trial. There is no signed order, no hearing set on the
motion for new trial, no notation on a proposed order, nor any notation on a docket sheet
contained in the clerk's record filed in this case. Id. Therefore, appellant has failed to
establish that the trial court was presented with appellant's motion for new trial. Hence, we
cannot conclude that the trial court erred in failing to grant appellant's motion for new trial. 

 For the foregoing reasons, we affirm the judgment. 


 Mackey K. Hancock

 Justice

Do not publish. 
1. During jury deliberation, the jury sent out a written question, "Who is the second
defendant listed on exhibit #2?"