NO. 07-06-0317-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2007
_____

OSCAR BORUNDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3804; HONORABLE RON ENNS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**


Appellant, Oscar Borunda, appeals his conviction for delivery of a controlled substance over four grams but less than 200 grams, a first degree felony, and sentence of ten years in the Institutional Division of the Texas Department of Criminal Justice, suspended for five years, and a fine of $500. We affirm.

On July 20, 2005, appellant communicated with an undercover officer to set up a narcotics transaction. Appellant met with the officer at an activity center in Cactus, Texas. Shortly after arriving at the activity center, appellant met with another individual. That unidentified individual left the activity center and returned with the controlled substance and a second unidentified individual. The second unidentified individual delivered the controlled substance to the officer and the officer handed over the money to the first unidentified individual. Appellant, acting as an intermediary, was responsible for setting up the transaction and was present during the delivery.

Appellant was charged with the offense of delivery of a controlled substance over four grams but less than 200 grams. During appellant's trial on May 9, 2006, the State offered an exhibit labeled as State's exhibit number two which was a clear plastic baggie which contained the controlled substance. In order to establish chain of custody, the officer testified to writing on the baggie. The exhibit was admitted into evidence without objection. After deliberation, the jury convicted appellant of the offense and the trial judge assessed appellant's punishment.

On June 8, 2006, appellant filed a motion for new trial contending the jury considered evidence not introduced at trial. Specifically, appellant contends that the jury considered the writing on State's exhibit number two during its deliberation.[1] Appellant contends that the trial court erred in not granting appellant's motion for new trial.

---

[1] During jury deliberation, the jury sent out a written question, "Who is the second defendant listed on exhibit #2?"

Appellant is required to present the motion for new trial to the trial court within ten days of filing. TEX. R. APP. P. 21.6; <u>Carranza v. State</u>, 960 S.W.2d 76, 78 (Tex.Crim.App. 1998.) The mere filing of a motion for new trial alone is not sufficient to show presentment. <u>See</u> <u>Carranza</u>, 960 S.W.2d at 78 (rule does not allow "presentment" of motion by filing with the clerk). To present a motion means the record must show that appellant's motion for a new trial was actually delivered to the trial court or otherwise brought to the attention of the trial court. <u>Id</u>. at 79.

A review of the record does not affirmatively show that the trial court was made aware of the pending motion for new trial. There is no signed order, no hearing set on the motion for new trial, no notation on a proposed order, nor any notation on a docket sheet contained in the clerk's record filed in this case. <u>Id</u>. Therefore, appellant has failed to establish that the trial court was presented with appellant's motion for new trial. Hence, we cannot conclude that the trial court erred in failing to grant appellant's motion for new trial.

For the foregoing reasons, we affirm the judgment.


                                        Mackey K. Hancock
                                        Justice

Do not publish.


3