

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-435-CR**


RICHARD DEWAYNE BEASON                                    APPELLANT
A/K/A RICHARD BEASON


V.


THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Richard Dewayne Beason appeals his sixty-year sentence for

aggravated assault of a family member with a weapon.[2]  We affirm.

Appellant pleaded guilty before a jury to aggravated assault of a family

member with a weapon.  After hearing evidence and argument on the issue of

---

[1] *See* TEX. R. APP. P. 47.4.

[2] *See* TEX. PENAL CODE ANN. §§ 12.32, 22.02(b)(1) (Vernon 2003).

punishment, the jury assessed punishment at sixty years' confinement. In his sole point on appeal, appellant contends that his sentence was disproportionate to the crime committed.

Although appellant timely filed a motion for new trial, he has failed to preserve his complaint because the record does not indicate that he presented his motion for new trial to the trial court.[3] The term "present" means the record must show that the movant for a new trial sustained the burden of actually delivering the motion for new trial to the attention or actual notice of the trial court.[4] Here, the record establishes that Appellant timely filed his motion for new trial, but it does not show that he actually delivered it to the trial court or otherwise brought it to the trial court's attention.[5] Accordingly, because appellant did not preserve his claim regarding the alleged

---

[3] TEX. R. APP. P. 21.6 (providing generally that defendant must present motion for new trial to trial court within ten days of its filing); *Thompson v. State*, 243 S.W.3d 774, 775–76 (Tex. App.—Fort Worth 2007, pet. ref'd) (holding length-of-sentence claim not preserved for review); *Crawford v. State*, No. 02-04-00299-CR, 2005 WL 1477958, at *4 (Tex. App.—Fort Worth June 23, 2005, pet. ref'd) (not designated for publication) (holding that disproportionate sentence claim must be preserved for appellate review); *see Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998) (holding that appellant had burden not only to file motion for new trial, but also to "present" it to the trial court).

[4] *Carranza*, 960 S.W.2d at 79.

[5] *See* TEX. R. APP. P. 21.6; *Carranza*, 960 S.W.2d at 79; *Amaro v. State*, 970 S.W.2d 172, 174 n.2 (Tex. App.—Fort Worth 1998, no pet.).

disproportionate sentencing, we overrule his sole point.  The trial court's

judgment is affirmed.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 29, 2008