

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-433-CR**

ANTHONY D. WASHINGTON                        APPELLANT

V.

THE STATE OF TEXAS                             STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Anthony D. Washington appeals his twelve-year sentence for robbery.[2] We affirm.

In an open plea to the trial court, appellant pleaded guilty to robbery. After hearing evidence and argument, the trial court sentenced appellant to

---

[1] *See* TEX. R. APP. P. 47.4.

[2] *See* Tex. Penal Code Ann. §§ 12.33, 29.02(a)(2) (Vernon 2003).

twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In his sole point on appeal, appellant contends that the trial court abused its discretion in sentencing him to twelve years' confinement because the sentence was disproportionate to the crime committed.

Although appellant timely filed a motion for new trial, he has failed to preserve his complaint because the record does not indicate that he presented his motion for new trial to the trial court.[3] The term "present" means the record must show that the movant for a new trial sustained the burden of actually delivering the motion for new trial to the attention or actual notice of the trial court.[4] Here, the record establishes that Appellant timely filed his motion for new trial, but it does not show that he actually delivered it to the trial court or otherwise brought it to the trial court's attention.[5] Accordingly,

---

[3] TEX. R. APP. P. 21.6 (providing generally that defendant must present motion for new trial to trial court within ten days of its filing); *Thompson v. State*, 243 S.W.3d 774, 775–76 (Tex. App.—Fort Worth 2007, pet. ref'd); *Crawford v. State*, No. 02-04-00299-CR, 2005 WL 1477958 (Tex. App.—Fort Worth June 23, 2005, pet. ref'd) (not designated for publication) (holding that disproportionate sentence claim must be preserved for appellate review); *see Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998) (holding that appellant had burden not only to file motion for new trial, but also to "present" it to the trial court).

[4] *Carranza*, 960 S.W.2d at 79.

[5] *See* TEX. R. APP. P. 21.6; *Carranza*, 960 S.W.2d at 79.

because appellant did not preserve his claim regarding the alleged disproportionate sentencing, we overrule his sole point. The trial court's judgment is affirmed.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

PUBLISH

DELIVERED: August 29, 2008