COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§

IN THE MATTER OF C.A.G., A
JUVENILE

§

§

§

§

§

No. 08-12-00175-CV

Appeal from the

65th Judicial District Court

of El Paso County, Texas

(TC# 07,01028)

## **O P I N I O N**

This is an appeal from a disposition committing C.A.G., a juvenile, to the custody of the

Texas Juvenile Justice Department. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

C.A.G. was charged with one count of criminal mischief and one count of unauthorized use

of a motor vehicle. The trial court appointed Hank Chisolm to represent C.A.G. as both his

defense attorney and guardian ad litem. At the adjudication hearing, C.A.G pled true to the

charge of criminal mischief, informing the trial court that he was doing so knowingly and

voluntarily.[1] The trial court then found that C.A.G. had engaged in delinquent conduct and set the

case for disposition at a later date. Before adjourning, the trial court informed C.A.G. that his

mother—who was not present at the hearing—would be given notice to appear at the disposition

---

[1] The State dismissed the other charge.

hearing.

At the disposition hearing, the State presented evidence that the appropriate disposition for C.A.G. was his commitment to the custody of the Texas Juvenile Justice Department because his grandparents, with whom he had been placed, could not supervise him suitably. C.A.G.'s mother asked the trial court to give C.A.G. "a last chance," a sentiment echoed by both C.A.G. and Chisolm. The trial court was not swayed, however, and committed C.A.G. to the custody of the Texas Juvenile Justice Department.[2]

After filing his notice of appeal, C.A.G. moved for a new trial on the basis, among others, that he "was denied the right to consult with his mother regarding [his] plea of true and the possible consequences" because "[t]he trial court proceeded with the plea of true [in his] mother's absence from the [disposition] hearing." The motion was overruled by operation of law.

## ATTENDANCE OF PARENT AT HEARING

In a single issue, C.A.G. contends that the trial court had a duty to postpone the adjudication hearing upon learning that his mother was not present in the courtroom because he had a right to consult his mother regarding the plea and its consequences. We disagree.

Section 51.115 of the Texas Family Code requires all parents to attend the adjudication hearing. TEX.FAM.CODE ANN. § 51.115(a)(West 2008). This section also provides, however, that "[i]f a [parent] . . . fails to attend [the] hearing, the juvenile court may proceed with the hearing." *Id*. at § 51.115(c). As the State correctly points out, C.A.G. failed to object at the adjudication hearing that his mother was not present, waiting instead until after his disposition to complain. Moreover, although C.A.G. raised his complaint in a motion for new trial, there is nothing in the record showing he brought his motion to the trial court's attention. *See*

---

[2] C.A.G. turned 18 years' of age in November 2012.

TEX.R.APP.P. 21.6; *Carranza v. State*, 960 S.W.2d 76, 78-79 (Tex.Crim.App. 1998)(complaint raised in motion for new trial not preserved unless motion is presented to trial court). Merely filing a motion for new trial is insufficient to show it was presented to the trial court. *Carranza*, 960 S.W.2d at 78. Accordingly, because C.A.G. did not object at trial to his mother's absence or present his motion for new trial to the trial court, we conclude he has failed to preserve his complaint for appellate review. *See* TEX.R.APP.P. 33.1(a)(stating that complaint must be made to trial court by timely request, objection, or motion as prerequisite to presenting complaint for appellate review); *In re C.P.D.*, Nos. 2-03-132-CV and 2-03-133-CV, 2004 WL 1535218,*2 (Tex.App.--Fort Worth July 8, 2004, no pet.)(mem. op.)(holding that juvenile waived complaint regarding his mother's absence during court proceedings by failing to object at trial to her absence); *Carranza*, 960 S.W.2d at 78-79.

Notwithstanding C.A.G.'s failure to preserve his complaint for appellate review, he maintains that his mother's absence necessitated the appointment of someone other than Chisolm as his guardian ad litem. C.A.G. concedes that Chisolm's appointment as his guardian ad litem was permissible pursuant to Section 51.11(c) of the Texas Family Code, but argues nevertheless that Chisolm's appointment "never made sense when one considers the potential for a conflict of interest especially in the situation where the parents of the child are not present." *See* TEX.FAM.CODE ANN. § 51.11(c)(West 2008)("An attorney for a child may also be his guardian ad litem."); *Matter of J.E.H.*, 972 S.W.2d 928, 932 (Tex.App.--Beaumont 1998, pet. denied)(noting that "[w]hile it might be more appropriate, because of the possibility of conflict, to appoint someone other than the child's attorney as guardian ad litem," the appointment of a child's attorney as guardian ad litem was statutorily permitted). But the record here, as in *Matter of*

*J.E.H.*, is devoid of any evidence of conflict, potential or actual. *See Matter of J.E.H.*, 972 S.W.2d at 932 ("There is no indication that the attorney ever advised the trial court of any conflict."). Indeed, there is evidence to the contrary. As was established above, Chisolm argued for the disposition sought by C.A.G. and his mother: "a last chance."

We overrule C.A.G.'s issue.

## CONCLUSION

The trial court's judgment is affirmed.


September 27, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.