**Opinion filed November 7, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00074-CR

_____

## ARMANDO CASTILLO CAMPOS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CCCR-10-03300**

### M E M O R A N D U M   O P I N I O N
### O N   M O T I O N   F O R   R E H E A R I N G

In his motion for rehearing, Appellant contends that this court "erred by concluding that trial judges must be personally served with motions for new trial in order to satisfy the 'presentment' requirement."

Appellant argues that we "announced the astonishing rationale that 'actual notice to the trial court' is never shown when counsel 'show[s] only that the

motion was hand-delivered to the trial court's office.'" Appellant contends that, instead, the Court of Criminal Appeals only requires counsel to "actually deliver[] the motion for new trial to the trial court or otherwise bring[] the motion to the attention or actual notice of the trial court." *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). But the defendant in *Carranza* did nothing more than file a motion for new trial and, thus, failed to "present" the motion to the trial court. *Id.* at 80. Furthermore, the court later reasoned that the presentment requirement had not been satisfied when there was "no indication in the record that the motion for new trial was, in fact, hand-delivered to the trial judge" and "no indication in the record that the trial judge ever saw the motion." *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009). "The defendant must put the trial judge on actual notice that he desires the judge to take some action, such as making a ruling or holding a hearing, on his motion for new trial." *Id.*

Appellant's "Certificate of Presentment" shows that the motion was delivered to the "Office for the 220th Judicial District Court of Comanche County" but fails to show that the trial judge had actual notice that Appellant desired the judge to take some action on the motion. Even if a defendant certifies that the motion has been presented, the law is that such a certificate alone is not sufficient evidence of presentment. *Burrus v.* State, 266 S.W.3d 107 (Tex. App.—Fort Worth 2008 no pet.). "Presentment" must be such that it results in actual notice to the trial court. *Carranza*, 960 S.W.2d at 79. A defendant may show "actual notice" by, among other things, the judge's signature or notation on a proposed order or by a hearing date set on the docket. *Carranza*, 960 S.W.2d at 79–80. However, there must be some evidence of presentment other than the lawyer's statement or even certificate that the motion was presented to the trial court. We did not hold on original submission, and we do not now hold, that a defendant must obtain personal service on the trial court. What we did hold, and a position that we

2

still maintain, is that there must be some evidence that the trial court had actual notice—not personal service, but actual notice—that a defendant wanted it to take some action on the motion. To read previous case law, as well as our opinion, otherwise is a complete misreading and misunderstanding of the law of presentment.

The motion for rehearing is denied.


JIM R. WRIGHT

CHIEF JUSTICE


November 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.