

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00422-CR

_____

ORLANDO CARTEZ HILL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1524795D

---

Before Sudderth, C.J.; Gabriel and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Orlando Cartez Hill entered an open plea of guilty to aggravated sexual assault of a child under 14 years of age and asked the trial court to assess his punishment. The trial court found Hill guilty and sentenced him to 15 years' confinement. In his sole issue on appeal, Hill argues that his sentence is disproportionate to the offense and that certain comments made by the trial judge at his punishment hearing amounted to witness testimony that adversely affected his right to a fair trial. Because Hill did not preserve his disproportionality complaint and because the trial judge's comments did not amount to witness testimony, we will affirm.

## Background

At Hill's punishment hearing, the victim in this case, Evan,[1] testified that when he was 13 years old, he downloaded an app on his phone so that he could get in touch with one of his friends that he had lost contact with. After Evan downloaded the app, Hill contacted him through the app and asked if he wanted to meet. Hill later drove from Plano to Fort Worth to meet Evan, and after picking Evan up, Hill parked his vehicle in a dark construction area in the neighborhood. While parked, Hill had Evan perform oral sex on him and digitally penetrated Evan's anus. Evan

---

[1]To protect the anonymity of the victim in this case, we will use an alias to refer to him. *See* Tex. R. App. P. 9.8 cmt., 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

testified that he had told Hill on multiple occasions that he was 13 and that he had told Hill his age prior to the sexual contact.[2]

Hill's sister testified in support of him at his punishment hearing. She testified that during the pendency of his case, Hill had moved from Texas to Mississippi and was involved in ministry at two churches. She stated that Hill would occasionally preach at the churches but that he was not involved in teaching Sunday school. During his testimony, Hill stated that he was involved in the ministry of the two churches on a volunteer basis. The trial court later asked Hill whether the two churches knew of the charges brought against him, and Hill stated that he had told one of the churches about the charges but not the other. Hill testified that he had not informed that church because he did not trust the pastor of the church and believed the pastor to be "a snake."

After both sides closed, and prior to announcing Hill's sentence, the trial judge made the following comments regarding Hill's ministry work during the pendency of the case:

> And you should have isolated yourself from as much public exposure as possible. You shouldn't have been standing in a pulpit calling attention to yourself. You shouldn't be in a church -- if the preacher is a serpent, Genesis, Old Testament, well, that's another reason not to affiliate with that church, not a reason to tell people you have pending cases because

---

[2]Hill testified that Evan initially represented his age to be "above 20 years old." According to Hill, Evan later stated that he was 18, and after engaging in sexual activity, Evan told Hill that he was 15. During his testimony, Hill admitted to having oral sex with Evan and digitally penetrating Evan's anus.

he might throw you under the bus with the congregation when the congregation deserved to know. Until you have your day in court, don't expose them to that embarrassment. Don't make innocent people suffer if it turned out you're a top story and got life in prison and the church is a bunch of [hypocrites] that don't care about children.

You shouldn't have taken the risk, is my point. You shouldn't be doing things to expose those things. In all fairness to me, I will give you -- on a technical basis, your lawyer will make a fine legal argument, since these responsibilities were not for pay, they're not jobs, but your sister described them as jobs. You described it as a job. You described it, they were -- you were a volunteer. And if my retired relatives who went and worked at night shelters and food banks and stuff, they would say it's a job but they're not getting paid, they do it for the pleasure and the service but they call it their job because they wouldn't want it to be a part of their dignity. And the fact that none of that is mentioned to the PSI officers and finding out today for the first time, it's probably not a good PR move independent on whether it's legally accurate or not. Employment means you get a salary versus not, and I can understand the distinction, and if I'm [defense counsel], I'm making it.

The trial court then sentenced Hill to 15 years' confinement. Hill later filed a motion for new trial complaining that his sentence was disproportionate to his offense. That motion was later overruled by operation of law, and this appeal followed.

## Discussion

In his sole issue, Hill argues that his sentence is disproportionate to the offense and that the trial judge's comments regarding his ministry work amounted to witness testimony that adversely affected his right to a fair trial.

**A.    Did Hill's mere filing of his motion for new trial preserve his disproportionality complaint?**

To preserve a complaint for our review, a party must have presented to the trial

4

court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013).

Hill contends that his disproportionality complaint is preserved for our review because he filed a motion for new trial, and the trial court "fail[ed] to grant" it. A defendant, however, must do more than merely file a motion for new trial to preserve the arguments made in it. *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam). The defendant must also present the motion for new trial to the trial court within ten days of filing the motion. Tex. R. App. P. 21.6. "The purpose of the presentment rule is 'to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it.'" *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009) (quoting *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998)). The Texas Court of Criminal Appeals "consistently has held the filing of a motion for new trial alone is not sufficient to show 'presentment'" and does not preserve an issue for appellate review absent a showing that the trial court has seen the motion. *Carranza*, 960 S.W.2d at 78; *see Navarro v. State*, 588 S.W.3d 689, 691 (Tex. App.—Texarkana 2019, no pet.).

5

Examples of presentment include obtaining the trial court's ruling on the motion, the trial judge's signature or notation on a proposed order, or a hearing date on the docket sheet. *Carranza*, 960 S.W.2d at 79; *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.). The defendant bears the burden of presentment. *Burrus*, 266 S.W.3d at 115.

Here, while Hill filed a motion for new trial raising his disproportionality complaint, there is no ruling on the motion, no proposed order containing the trial judge's signature or notation, no entry on the docket sheet of a hearing on the motion, or anything else in the record to indicate that Hill presented his motion to the trial court. Because Hill did not present his motion to the trial court, Hill's disproportionality complaint is not preserved for our review. *See Carranza*, 960 S.W.2d at 79; *Navarro*, 588 S.W.3d at 691; *Taylor v. State*, No. 02-11-00261-CR, 2012 WL 6196623, at *2 (Tex. App.—Fort Worth Dec. 13, 2012, no pet.) (mem. op., not designated for publication). Accordingly, we overrule Hill's disproportionality complaint.

## B. Did the trial judge's comments regarding Hill's ministry work amount to witness testimony?

Pointing to Texas Rule of Evidence 605, Hill also argues that the trial judge's comments regarding his ministry work amounted to witness testimony that adversely affected his right to a fair trial. Rule 605 states: "The presiding judge may not testify as a witness at the trial. A party need not object to preserve the issue." Tex. R. Evid.

605. The question before us on appeal is whether the trial judge made statements of fact that were the functional equivalent of witness testimony, which violated Rule 605, or statements that were essential to the exercise of a judicial function, which did not violate Rule 605. *See Hammond v. State*, 799 S.W.2d 741, 746 (Tex. Crim. App. 1990); *Kirk v. State*, No. 05-17-01013-CR, 2018 WL 3598959, at *5 (Tex. App.—Dallas July 27, 2018, no pet.) (mem. op., not designated for publication).

Based on our review of the record, we conclude that the trial judge's comments regarding Hill's ministry work did not violate Rule 605. The comments were not the functional equivalent of witness testimony; rather, they were made as part of the trial judge's judicial function in explaining perhaps part of the reasoning for his sentencing decision. *See Dunbar v. State*, Nos. 03-18-00673-CR, 03-18-00674-CR, 2020 WL 1943356, at *5 (Tex. App.—Austin Apr. 23, 2020, no pet.) (mem. op., not designated for publication) (holding that trial judge's comments expressing concern about the defendant's children and skepticism about the defendant's excuse for not staying in contact with her community supervision officer did not amount to witness testimony); *Kirk*, 2018 WL 3598959, at *5 ("Contrary to Kirk's assertions, the record shows the trial judge made the statements in the context of explaining the reasons he imposed a prison sentence rather than placing Kirk on probation."); *Hill v. State*, No. 05-14-01445-CR, 2016 WL 1554932, at *7–8 (Tex. App.—Dallas Apr. 14, 2016, no. pet.) (mem. op., not designated for publication) (holding that trial judge's comments reflecting disappointment with the defendant's behavior were not the functional

equivalent of witness testimony but were explanations regarding the judge's sentencing decision, a judicial function). We overrule Hill's complaint regarding the trial judge's comments.

## Conclusion

Having overruled both portions of Hill's sole issue, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 25, 2020