

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-25-00020-CR
_____

TAYLOR RYAN SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 7064, Honorable Dale A. Rabe, Jr., Presiding

March 16, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Taylor Ryan Smith, appeals from the trial court's order adjudicating him guilty of engaging in organized criminal activity, a first-degree felony, and sentencing him to fifty years of confinement. *See* TEX. PENAL CODE § 71.02. By a single issue, Appellant argues that his sentence is grossly disproportionate to the offense in violation of the Eighth Amendment. Because Appellant did not preserve this complaint and the record is insufficient to support his claim, we affirm.

## BACKGROUND

Appellant was about seventeen years old when he was charged by information with engaging in organized criminal activity. The information alleged that Appellant, acting with two others, struck a sixteen-year-old complainant with his hand and with a piece of two-by-four lumber. Appellant pleaded guilty. The trial court placed him on deferred adjudication community supervision for six years, with an affirmative finding that Appellant used or exhibited a deadly weapon during the offense.

Within two months, Appellant tested positive for drugs and admitted to using cocaine, marijuana, and alcohol. At his own request, Appellant was sent to the Concho Valley Community Corrections Facility to participate in a rehabilitative program. He was phased back to restart the program on four separate occasions for continued rule violations. He was eventually discharged from the facility for failing to comply with its requirements.

The State moved to adjudicate guilt, alleging Appellant failed to complete required rehabilitative counseling, failed to obey the facility's rules and regulations, and was unsatisfactorily discharged. Appellant pleaded true to the allegations.

The parties presented conflicting evidence relevant to punishment. The correction facility's assistant director testified that Appellant's conduct was a continuous downward spiral of rule violations. Appellant's community supervision officer confirmed the pattern of noncompliance. Evidence was mixed regarding the extent of Appellant's involvement in the assault with the two-by-four.

Appellant testified on his own behalf, asking the trial court to place him at Life Challenge, a faith-based rehabilitative program, rather than impose a prison sentence. On cross-examination, Appellant maintained that he did not take part in the assault but conceded that his account of events had changed over time and that his credibility was "not real great."

The trial court adjudicated Appellant guilty and sentenced him to fifty years of confinement. The punishment range for a first-degree felony is five to ninety-nine years or life. TEX. PENAL CODE § 12.32.

## ANALYSIS

### Preservation

To preserve for appellate review a complaint that a sentence is grossly disproportionate, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). When the sentence falls within the prescribed punishment range, the failure to object at the time it is imposed or to present the complaint through a post-trial motion waives error on appeal. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). No particular words or phrases are required for an effective objection, but the complaining party must make the trial court aware of what relief is sought and why, at a time when the court is positioned to act. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

3

Although a motion for new trial may serve as a vehicle for preserving error, merely filing one is not enough. The motion must be brought to the trial court's attention. *Carranza v. State*, 960 S.W.2d 76, 79–80 (Tex. Crim. App. 1998).

Appellant raised his disproportionate-sentence claim in a motion for new trial, but nothing in the record indicates he presented the motion to the trial court. Nor did Appellant object when the sentence was imposed. His complaint is therefore unpreserved. *See* TEX. R. APP. P. 33.1; *Carranza*, 960 S.W.2d at 79–80.

Merits

Moreover, even if Appellant had preserved his complaint for appeal, his claim would fail on the merits for want of an adequate record.

We review a sentencing determination for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). A sentence assessed within the legislatively prescribed range is generally not excessive, cruel, or unusual. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (noting that "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered'"); *Foster v. State*, 525 S.W.3d 898, 912 (Tex. App.—Dallas 2017, pet. ref'd).

A narrow exception exists where a sentence, though within the statutory range, is grossly disproportionate to the offense. *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016). However, our highest appellate courts on this question have observed that outside the capital punishment context, successful challenges to the proportionality

4

of a particular sentence are "exceedingly rare." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

To determine whether a sentence is grossly disproportionate, a court considers the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *Id.* at 323. Only in the rare case where this threshold comparison gives rise to an inference of gross disproportionality does a court proceed to compare the imposed sentence with those on other offenders. *Id.*

Appellant carries the burden to develop a sufficient record for appellate review, and his failure to do so forecloses our assessment. *See London v. State*, 490 S.W.3d 503 (Tex. Crim. App. 2016). Here, the record contains little information bearing on the factors for assessing Appellant's sentence for disproportionality. We know the basic outline of the underlying offense and that the complainant was struck with hands and a board, but we do not know the extent of the complainant's injuries. Appellant's degree of culpability is disputed, as he maintained at the hearing that he was merely present while conceding his account had shifted over time. The record reveals nothing about Appellant's prior adjudicated or unadjudicated offenses, whether as a juvenile or adult. Nor does it contain evidence regarding comparable sentences in this or other jurisdictions.

As indicated above, we hold that Appellant failed to preserve the issue for review. Nevertheless, even if he had, we cannot conclude that the trial court abused its discretion in imposing a sentence within the statutory range. Appellant's sole issue is overruled.

**CONCLUSION**

We affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.