Opinion issued February 9, 2017



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00143-CR

———————————

**CHARLES JOHNATHAN CHAVEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 2041267**

---

## MEMORANDUM OPINION

Charles Johnathan Chavez was convicted of misdemeanor assault and sentenced to one year's confinement.[1] He raises four issues on appeal. In his first and second issues, Chavez contends that he received ineffective assistance of

---
[1]   TEX. PENAL CODE § 22.01.

counsel due to trial counsel's failure to make certain objections during voir dire and the State's case-in-chief. In his third issue, Chavez contends that the trial court erred in assessing attorney's fees against him, an indigent. In his fourth issue, Chavez contends that the trial court erred by failing to hold a hearing on his pro se notice of appeal, which he contends should be characterized as a motion for new trial. We modify the judgment to strike the attorney's fees and affirm as modified.

## Background

Chavez's girlfriend is Brenda Vasquez. One day, Vasquez found a text from another woman on Chavez's phone, and the two began to argue loudly outside their apartment, drawing the attention of a neighbor. The neighbor then observed Chavez pull Vasquez by her hair back into their apartment. The neighbor called 911, leading to Chavez's arrest.

Chavez was charged with misdemeanor assault. At trial, Vasquez denied that Chavez had pulled her by her hair during their argument, but the jury found Chavez guilty as charged. The trial court signed a judgment of conviction and sentenced Chavez to one year of confinement, which the trial court suspended for two years while placing Chavez on community supervision. Chavez appeals.

## Ineffective Assistance of Counsel

In his first two issues, Chavez argues that he received ineffective assistance of counsel because his trial counsel failed to make two objections. First, Chavez

contends that trial counsel should have objected during voir dire when the prosecutor told the venire that his office is responsible for prosecuting cases with recanting complainants. Chavez argues that trial counsel should have objected because the comment was an improper attempt "to indoctrinate the jurors on the [State]'s theory" that Vasquez—who denied that Chavez hit her—was a "liar." Second, Chavez contends that trial counsel should have objected during the State's case-in-chief when the responding officer testified that he did not find Vasquez's alternative account of what happened to be credible.[2] Chavez argues that the officer's testimony was improper because a witness normally may not offer a direct opinion about the truthfulness of another witness.

To prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under the first prong, the defendant "must show that his counsel's performance was deficient." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Under the second prong, the defendant "must show that the deficient performance prejudiced his defense." *Id.*

In reviewing a claim for ineffective assistance of counsel, we are "highly deferential" to trial counsel. *Taylor v. State*, 461 S.W.3d 223, 228 (Tex. App.—

---

[2]     Vasquez told the responding officer that she received her injuries from falling down the stairs.

3

Houston [1st Dist.] 2015, pet. ref'd). We indulge a "strong presumption" that trial counsel's performance "fell within the wide range of reasonable professional assistance." *Ex parte LaHood*, 401 S.W.3d 45, 50 (Tex. Crim. App. 2013). To prove that counsel's performance was deficient, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Blackwell v. State*, 193 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

"Any allegation of ineffectiveness must be firmly founded in the record, which must demonstrate affirmatively the alleged ineffectiveness." *Id.* If the record does not contain affirmative evidence of counsel's reasoning or strategy, we normally presume that counsel's performance was not deficient. *Id.* "In rare cases, however, the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy." *Id.*

Chavez has failed to provide us with any evidence showing why trial counsel did not object to the prosecutor's comments during voir dire or the responding officer's testimony during the State's case-in-chief. Nor has he argued or otherwise demonstrated that this is one of those "rare cases" in which "the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy." *Id.*

Because the record is silent as to why trial counsel failed to make the objections, Chavez has failed to rebut the "strong presumption" that counsel's performance "fell within the wide range of reasonable professional assistance." *LaHood*, 401 S.W.3d at 50. We overrule Chavez's first and second issues.

## Attorney's Fees

In his third issue, Chavez argues that the trial court erred in assessing attorney's fees against him because the trial court never found that there had been a material change in his financial circumstances after initially finding him indigent. The State agrees with Chavez that the trial court erred in assessing attorney's fees.

Once a trial court finds a criminal defendant indigent, the defendant "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. art. 26.04(p). However, under Article 26.05 of the Code of Criminal Procedure, a trial court may order an indigent defendant "to re-pay costs of court-appointed legal counsel that the court finds the defendant is able to pay." *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013); *see* TEX. CODE CRIM. PROC. art. 26.05(g). If the trial court does not find that there has been a material change in the defendant's financial circumstances, it may not order the defendant to re-pay attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010).

5

Before trial, the trial court found Chavez indigent and appointed him trial counsel. After Chavez was convicted, the trial court ordered him to pay $645 in attorney's fees at the rate of $50 per month. But the trial court never found that there had been a material change in Chavez's financial circumstances. Instead, after trial and sentencing, the trial court held an indigency hearing and again found Chavez indigent.

We hold that the trial court erred by assessing attorney's fees without first determining that there had been a material change in Chavez's financial circumstances. *See id.*; TEX. CODE CRIM. PROC. art. 26.05(g). Accordingly, we sustain Chavez's third point and modify the trial court's judgment to strike the assessment of attorney's fees.

## Hearing on Motion for New Trial

In his fourth issue, Chavez contends that the trial court erred by failing to hold a hearing on his first notice of appeal, which he filed pro se. In his pro se notice of appeal, Chavez argued that he received ineffective assistance of counsel because trial counsel did not permit him to testify. Chavez contends that the trial court should have characterized his pro se notice of appeal as a motion for new trial and held a hearing on it. The State responds that Chavez failed to present his motion in accordance with Rule 21.6 of the Rules of Appellate Procedure. We agree.

Rule 21.6 provides that a defendant must present a motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court. TEX. R. APP. P. 21.6. If the defendant fails to timely present the motion, then the trial court has no duty to hold a hearing on it. *Bearnth v. State*, 361 S.W.3d 135, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

To present the motion, the defendant must do more than simply file it with the trial court clerk. *Id.* The defendant must put the trial court on actual notice that the defendant wants the trial court to take some action on the motion. *Id.* "The presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket." *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998).

Chavez does not point us to any ruling, proposed order, docket entry, or other evidence that the trial court had actual notice that he characterized his notice of appeal as a motion for new trial and wanted a hearing on it. Under well-established law, it was Chavez's burden to provide us with a record that shows he properly presented the motion. *Bearnth*, 361 S.W.3d at 146. He has failed to do so. We overrule Chavez's fourth issue.

## Conclusion

We modify the trial court's judgment to strike the assessment of attorney's fees and affirm as modified.

Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).