

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00006-CR

_____

AUGUSTINE NAVARRO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 427th District Court
Travis County, Texas
Trial Court No. D-1-DC-17-206015

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

# OPINION

Augustine Navarro, a convicted felon, robbed an adult entertainment establishment in Travis County, Texas, after holding several of its employees at gunpoint.[1] Navarro entered an open plea of guilty to, and was convicted of, aggravated robbery with a deadly weapon. After reviewing the surveillance footage of the robbery during a bench trial on punishment, the trial court sentenced Navarro to twenty years' imprisonment.

On appeal, Navarro argues that his sentence was disproportionate to his crime because he was using methamphetamine regularly, the crime was not premeditated because he "was not dressed for a robbery," and his "previous crimes were property crimes, not crimes of violence."[2] Because we find that Navarro did not preserve this complaint, we affirm the trial court's judgment.

## I. Navarro Did Not Preserve His Complaint

"To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.) (quoting *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citations omitted)); *see Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (a defendant must preserve an Eighth Amendment claim). Navarro did not object to his sentence at trial, but he filed a motion for new

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. In this transfer case, we will apply the law of the transferor court, the Third Court of Appeals. *See* TEX. R. APP. P. 41.3.

[2]In our cause number 06-19-00007-CR, Navarro also appeals his conviction for unauthorized possession of a firearm by a felon.

trial, arguing, "The punishment is arbitrary and unjust and disproportionate to the crime committed." Navarro did not request a hearing on his motion. Here, we must determine whether the Austin Court of Appeals would find Navarro's filing of the motion sufficient to preserve error.

"A defendant is required to 'present' a motion to the trial court within ten days of filing it, unless the court, in its discretion, extends that time period." *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009) (citing TEX. R. APP. P. 21.6). The Texas Court of Criminal Appeals "consistently has held the filing of a motion for new trial alone is not sufficient to show 'presentment'" and does not preserve an issue for appellate review in the absence of a showing that the trial court has seen the motion. *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998); *see Colone v. State*, 573 S.W.3d 249, 259 (Tex. Crim. App. 2019) ("[T]he mere filing of a 'certificate of presentment' will not suffice to establish that a motion for new trial and request for a hearing has been presented to the trial court."); *Lopez v. State*, 96 S.W.3d 406, 414 (Tex. App.—Austin 2002, pet. ref'd) ("[T]he mere filing of a motion for a new trial . . . will not preserve the error."). "The purpose of the presentment rule is 'to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it.'" *Stokes*, 277 S.W.3d at 21 (quoting *Carranza*, 960 S.W.2d at 78). In line with this precedent, the Austin Court of Appeals requires that in order to preserve a disproportionate sentencing issue, the motion for new trial must actually be presented to the trial court within ten days of filing. *Valdez v. State*, No. 03-16-00191-CR, 2017 WL 2729669, at *2 (Tex. App.—Austin June 23, 2017, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 26.1;

3

*Carranza*, 960 S.W.2d at 78); *see also Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).[3]

A review of the appellate record leads us to conclude that nothing demonstrates that Navarro's motion for new trial was timely presented to the trial court. The motion was not hand-delivered to the trial court, there is no notation on the motion indicating that the trial court had seen it, and there is no docket entry showing that the motion was brought to the trial court's attention.

We find Navarro's point of error unpreserved. "A reviewing court should not address the merits of an issue that has not been preserved for appeal." *Sandoval v. State*, 409 S.W.3d 259, 287 (Tex. App.—Austin 2013, no pet.) (quoting *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g) (citing *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009))). Accordingly, we overrule Navarro's unpreserved point of error.[4]

---

[3]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[4]Where, as here, there is record evidence to support the trial court's sentence, we will generally not reverse absent a showing of abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). In addition, appellate courts will not disturb a sentence that is within the statutory range. *Id*. It is undisputed that Navarro's sentence is within the statutory range. Although an exception to the Rule allows appellate courts to address preserved Eighth Amendment claims, Navarro's disproportionate sentence claim was unpreserved.

By separate point of error, Navarro also argues that the sentence was an abuse of discretion because "mitigating circumstances [were] not taken into account." He is not entitled to a separate sufficiency review of his sentence. *Parker v. State*, 462 S.W.3d 559, 566 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006); *Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.)). Moreover, this issue was not raised at trial or in the motion for new trial and is meritless since nothing indicated that the trial court did not consider any mitigating circumstances presented at trial. *See Williams*, 191 S.W.3d at 262–63 ("Appellant requested the trial court to consider the evidence in question in assessing punishment. Appellant has not shown that the trial court failed to consider such evidence. . . . We find no merit in appellant's contention."); *Short v. State*, No. 03-11-0000719-CR, 03-11-0000720-CR, 2012 WL 5834565, at *1 (Tex. App.—Austin Nov. 7, 2012, no pet.) (mem. op., not designated for publication) (overruling appellant's complaint that the trial court abused its discretion during sentencing because it was not preserved at trial).

**II.     Conclusion**

We affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     September 3, 2019
Date Decided:       September 11, 2019

Publish

5