# NO. 12-21-00115-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER CHANCE MCGARY,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Chance McGary appeals his conviction for possession of less than one gram of methamphetamine. In two issues, Appellant argues that the trial court abused its discretion in failing to hold a hearing on his motion for new trial and improperly assessing court costs against him. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with possession of less than one gram of methamphetamine and pleaded "guilty." The indictment also alleged that Appellant previously had been convicted of two felonies. Appellant pleaded "true" to these enhancement allegations. Following a trial on punishment, a jury assessed Appellant's punishment at imprisonment for twenty years. Appellant filed a motion for new trial and requested a hearing. But no hearing was held, and Appellant's motion for new trial was overruled by operation of law. This appeal followed.

## PRESENTMENT OF A MOTION FOR NEW TRIAL

In his first issue, Appellant argues that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial.

A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Reyes v. State,* 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). However, a defendant does not have an absolute right to a hearing on a motion for new trial. *Id.* at 815. And a trial court is under no requirement to conduct a hearing if the motion for new trial is not "presented" in a timely manner. *See* TEX. R. APP. P. 21.6; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Thus, to obtain a hearing on a motion for new trial, a defendant must present the motion to the trial court within ten days of filing, unless the trial court in its discretion permits the motion to be presented and heard within seventy-five days of the date the court imposes or suspends sentence in open court. TEX. R. APP. P. 21.6; *see Sexton v. State*, 51 S.W.3d 604, 609 (Tex. App.–Tyler 2000, pet. ref'd).

Merely filing a motion for new trial does not satisfy the presentment requirement. *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998). The term "present" means the record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court. *Id.* at 79. Examples of "presentment" include obtaining the trial court's ruling on the motion for new trial, the judge's signature or notation on a proposed order, or a hearing date on the docket. *Id.*

In the instant case, Appellant timely filed his motion for new trial. However, there is no ruling on the motion, no proposed order containing the trial judge's signature or notation, and no notation on the docket sheet of a hearing date set on the motion. In a footnote in his brief, Appellant states: "On August 12, 2021, appellate counsel emailed the court coordinator, along with counsel for the State, requesting a hearing on the motion for new trial. Counsel followed up on her request on August 17, 2021, and was advised that the motion would be set." *See, e.g., Butler v. State*, 6 S.W.3d 636, 641 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd) (presenting motion for new trial to court coordinator satisfies presentment requirement as to trial court). However, there is no evidence in the record of this email communication between Appellant's counsel and the court coordinator, a "read receipt" or other indication that the court coordinator, in fact, received the email. *See Head v. State*, No. 12-08-00385-CR, 2010 WL 177779, at *2, *2 n.1 (Tex. App.–Tyler Jan. 20, 2010, pet. ref'd) (mem. op., not designated for publication) (appellant failed to satisfy presentment requirement where record, which contained no fax confirmation receipt, did not demonstrate that trial judge, court coordinator, or any other person

received letter faxed by counsel setting forth merits of and need for hearing on motion for new trial). Thus, we conclude that this statement in Appellant's brief is not sufficient evidence that Appellant presented his motion for new trial to the trial court. *See id.*; *cf. Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.–Fort Worth 2008, no pet.) (statement in motion for new trial entitled "Certificate of Presentment" not sufficient evidence of presentment); *Longoria v. State*, 154 S.W.3d 747, 762 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (statement in record "Notice of Presentment of Motion for New Trial" insufficient to show presentment); *Oestrick v. State*, 939 S.W.2d 232, 235 n.5 (Tex. App.–Austin 1997, pet. ref'd) (self-serving statement by defense counsel, without more, is insufficient evidence of presentment to trial court). Therefore, because Appellant did not meet his burden of proof that he presented his motion for new trial to the trial court, we hold that the trial court did not abuse its discretion by failing to conduct an evidentiary hearing on Appellant's motion for new trial. Appellant's first issue is overruled.

### COURT COSTS

In his second issue, Appellant urges the trial court erroneously assessed costs for the county and state "judicial support fee." In its brief, the State agrees that these fees should not have been assessed.

**Standard of Review and Applicable Law**

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia* evidentiary sufficiency principles do not apply. *Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). Appellant need not object at trial to raise a claim challenging the bases of assessed costs on appeal. *Id*. at 391. When a trial court improperly includes amounts in assessed court costs, the proper appellate remedy is to reform the judgment to delete the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Court costs may not be assessed against a criminal defendant where the law does not provide expressly for the assessment of such costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018).

## Discussion

Here, the judgment, bill of costs, and Order to Withdraw Funds show that Appellant was assessed $249.00 in court costs. The bill of costs includes $0.60 for the "Judicial Support Fee – (County)" and $5.40 for the "Judicial Support Fee – (State)[.]" These costs were authorized under former Section 133.105 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 133.105(a) (West 2019), *repealed by* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19(12), 2019 Tex. Sess. Law Serv. 3982 (eff. Jan. 1, 2020). During its 86th Regular Session, the Texas Legislature comprehensively revised the statutory array of criminal court costs and fees imposed on conviction (the Act). *See generally* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Sess. Law Serv. 3982 (eff. Jan. 1, 2020). Yet, "[e]xcept as otherwise provided by" the Act, "the changes in the law made by" the Act "apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of" the Act, i.e., January 1, 2020. Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Sess. Law Serv. 3982, 4035–36. An offense committed before the Act's effective date "is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose." *Id.*

Thus, because the indictment in this case alleges that the offense was committed on or about May 10, 2020, we conclude that the former Section 133.105(a) does not apply. Accordingly, we will modify the trial court's judgment, bill of costs, and Order to Withdraw Funds to delete these improperly assessed fees. *See **Sturdivant v. State***, 445 S.W.3d 435, 443 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd). Appellant's second issue is sustained.

## DISPOSITION

We have overruled Appellant's first issue and sustained his second issue. Having done so, we ***modify*** the trial court's judgment, bill of costs, and Order to Withdraw Funds to reflect that Appellant's court costs are $243.00 by deleting the "Judicial Support Fee – (County)" and "Judicial Support Fee – (State)." We ***affirm*** the trial court's judgment ***as modified***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 18, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 18, 2022**

**NO. 12-21-00115-CR**

**CHRISTOPHER CHANCE MCGARY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-1148-20)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, bill of costs, and Order to Withdraw Funds of the court below be **modified** to reflect that Appellant's court costs are $243.00 by deleting the "Judicial Support Fee – (County)" and "Judicial Support Fee – (State)"; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*